[No. 7516–1–I.   Division One.   February 4, 1980.]

FLOYD F. FULLE, *Respondent*, v. BOULEVARD EXCAVATING, INC., *Appellant*.

*Thomas R. Dreiling, Emily R. Hansen,* and *Thom, Navoni, Hoff, Pierson & Ryder,* for appellant.

*Phillip Offenbacker* and *Short & Cressman,* for respondent.

SWANSON, J.—Boulevard Excavating, Inc., appeals from an amended judgment which increased the original judgment award and allowed interest from the date of the prior judgment.

Fulle commenced this action on June 30, 1975. A money judgment awarding Fulle $31,587 was entered September 22, 1976; however, the trial court denied a $68,233 claim because it was barred by the statute of limitation. Fulle appealed this ruling; we reversed the decision, *Fulle v. Boulevard Excavating, Inc.,* 20 Wn. App. 741, 582 P.2d 566 (1978), and issued our mandate. Subsequently, the trial court entered judgment in accord with this court's decision, increasing the award from $31,587 to $99,820, and granted interest from the date of the original judgment.

Initially, Boulevard Excavating contends that the trial court cannot increase the judgment by awarding interest from the original judgment where the appellate court decision did not address such issue.

■ Interest on a judgment is allowed by statute. *See* RCW 4.56.110(2). Therefore, no reason exists for the appellate court to address the issue of interest and silence does not preclude the trial court from awarding interest on the judgment. *White Pass Co. v. St. John,* 78 Wn.2d 188, 470 P.2d 548 (1970); *Yarno v. Hedlund Box & Lumber Co.,* 135 Wash. 406, 237 P. 1002 (1925); *see also Ginn v. Penobscot Co.,* 342 A.2d 270 (Me. 1975).

Next, Boulevard Excavating contends that when the mandate issued pursuant to RAP 12.5 it precluded both the trial court and the appellate court from changing the decision.

When a mandate issues under RAP 12.5, the appellate court loses its power to change or modify its decision. RAP 12.7. There is no language in the rule that would affect the trial court. The trial court must proceed in accordance with the appellate decision and allow interest granted by statute.

Finally, Boulevard Excavating argues that since this court reversed the trial court in *Fulle v. Boulevard Excavating, Inc., supra,* interest can only be awarded from the date of the entry of the amended judgment.

■ There are no Washington cases which precisely consider this issue. Other jurisdictions have approached this problem in diverse ways. The most common approach and the one we find persuasive rests upon the distinction between an order *modifying* the trial court's decision and one *vacating* its decision. *See* Annot., 4 A.L.R.3d 1221 (Supp. 1978); *Stockton Theatres, Inc. v. Palermo,* 55 Cal. 2d 439, 360 P.2d 76, 11 Cal. Rptr. 580 (1961); *Ginn v. Penobscot Co., supra.* Where the appellate court merely modifies the trial court award and the only action necessary in the trial court is compliance with the mandate, interest runs from the date of the original judgment. *See generally* Annot., 4 A.L.R.3d 1221, 1234 (Supp. 1978). On the other hand, where an appellate court has reversed the trial court judgment and directed that a new money judgment be entered, interest runs from the entry of such new judgment. *Stockton Theatres, Inc. v. Palermo, supra.*

In *Fulle v. Boulevard Excavating, Inc., supra* at 743–44, we stated:

He argues alternatively that even if the 3–year statute of limitations is applicable, where part of his demand is barred by the statute and part is not, Boulevard on pleading the statute has the burden of showing the specific amount which falls within its protection. We agree. The statute of limitations is an affirmative defense, and its elements must be proved by the party asserting it. *Haslund v. Seattle*, 86 Wn.2d 607, 547 P.2d 1221 (1976). It follows, therefore, that when the defense is partial only, *i.e.*, barring only a part of the damage, the defendant has the burden of proving what part occurred prior to the limitation period. *See Earl v. Clark*, 219 N.W.2d 487 (Iowa 1974); *Alston v. Bitely*, 252 Ark. 79, 477 S.W.2d 446 (1972); *Furrer v. Talent Irrigation Dist.*, 258 Ore. 494, 466 P.2d 605 (1970). Boulevard presented no evidence from which the trial court could determine what part, if any, of the unreported truck yardage was removed from the Overlook Heights Associates' and Overlook Investors' pits before June 30, 1972. Having failed to meet its burden of proof regarding the statute of limitations, Boulevard is liable for all of the damages which were proven under claim 6A.

Each case must be examined on its own facts to determine the intent of the appellate court decision. Here, the trial court found that Boulevard failed to report 155,075 truck yards (worth $68,233) which it removed from the pits between August 1969 and April 30, 1973, claim 6A. The court went on to hold that this claim was barred by the statute of limitation. This determination was reversed and Fulle was entitled to full recovery under claim 6A. It is clear that the matter was not sent back for a new trial but merely for amendment of the original judgment. Under such circumstances, interest on that claim shall date back to and shall accrue from the date the original judgment was rendered. This result is consistent with RCW 4.56.110(2), which provides that if the appellate court directs a trial court to enter judgment on a verdict, interest shall run

from the date of the original verdict.[1] The portion of the judgment from which no appeal was taken—the $31,587 award—remains unaltered and interest runs from the date it was entered.

Affirmed.

CALLOW, C.J., and WILLIAMS, J., concur.

Reconsideration denied April 23, 1980.

Review denied by Supreme Court June 20, 1980.

---

[1] RCW 4.44.060 which states in part, "The finding of the court upon the facts shall be deemed a verdict," eliminates any distinction between a judgment entered on a verdict in a jury case and on findings in a nonjury case. *See Croton Chem. Corp. v. Birkenwald, Inc.*, 50 Wn.2d 684, 314 P.2d 622 (1950).