[No. 86643-1.   En Banc.]

Argued September 20, 2012.   Decided February 14, 2013.

HUMPHREY INDUSTRIES, LTD., *Appellant*, v. CLAY STREET
ASSOCIATES, LLC, ET AL., *Respondents*.

*David C. Spellman, Stanton P. Beck*, and *Andrew J. Gabel* (of *Lane Powell PC*), for appellant.

*Gregory J. Hollon* and *Barbara H. Shuknecht* (of *McNaul Ebel Nawrot & Helgren*) and *Alan B. Bornstein* (of *Jameson Babbit Stites & Lombard PLLC*), for respondents.

¶1 GONZÁLEZ, J. — This case concerns attorney fees under the dissenters' rights provisions of the Washington Limited Liability Company Act (LLC Act), chapter 25.15 RCW. We first considered this dispute two years ago when we reversed the award of attorney fees imposed on Humphrey Industries Ltd. and remanded to the trial court to reconsider an award of attorney fees in Humphrey's favor. On remand, the trial court awarded Humphrey part of its fees but also reinstated part of the attorney fee award against Humphrey that we had reversed. Humphrey appealed directly to this court, contending that the trial court on remand failed to follow our order.

¶2 We hold that the trial court erred by imposing fees on Humphrey. The law of the case precluded the trial court from revisiting issues that it found supported the award of fees against Humphrey. We award Humphrey prejudgment interest on the reversed fee awards. Humphrey has not supported its argument that the individual members are liable for the limited liability company's (LLC) debts.

I. FACTS AND PROCEDURAL HISTORY

¶3 The relevant facts of the case are set out below, but a more detailed history may be found in our earlier opinion. *Humphrey Indus., Ltd. v. Clay St. Assocs.*, 170 Wn.2d 495, 242 P.3d 846 (2010). Humphrey, Scott Rogel, Joseph and Lee Ann Rogel, and ABO Investments[1] formed Clay Street Associates LLC (Clay Street or the LLC) in 1997 to purchase and manage a single parcel of real property in Auburn, Washington.

---

[1] Scott Rogel, Joseph and Lee Ann Rogel, and ABO Investments are at times collectively referred to as the "individual members."

¶4 A dispute arose in 2004, when Scott Rogel sought to sell Clay Street's property and dissolve the LLC to satisfy a property settlement reached in his divorce. Humphrey refused to consent to the sale, implicating the provision in Clay Street's LLC agreement that the property " 'shall not be sold, conveyed, and/or assigned without the mutual consent of each of the members . . . .' " *Id.* at 498 (alteration in original) (quoting Clerk's Papers (2010 CP) at 54). Following the advice of an attorney, the other members circumvented the unanimity requirement to sell property by forming a new LLC, which they merged with Clay Street. The members gave Humphrey notice of its statutory right to dissent to the merger, which it exercised, demanding payment of the fair value of its interest in Clay Street.

¶5 Because Clay Street had not yet sold the property and lacked other funds with which to pay Humphrey, it failed to pay Humphrey within 30 days of the effective merger date, as required by statute. Nearly six months later—but within the same month that Clay Street sold the property—Clay Street paid Humphrey $181,192.64, which the LLC calculated to be the fair value of Humphrey's interest as of the merger date plus interest for the delay.

¶6 Humphrey disagreed with Clay Street's estimate of the fair value of Humphrey's interest. Negotiations failed and Humphrey filed suit. Clay Street later filed a formal petition to determine the value of the company, and the two cases were consolidated.

¶7 The trial court found that Clay Street's value on the date of the merger was $3.15 million and ordered Clay Street to pay Humphrey an additional $60,588.22. The court denied Humphrey's request for attorney fees under RCW 25.15.480(2),[2] finding that although Clay Street violated the LLC Act by failing to pay Humphrey within 30

---

[2] RCW 25.15.480(2) reads:

The court may also assess the fees and expenses of counsel and experts for the respective parties, in amounts the court finds equitable:

days, it had substantially complied with the LLC Act " 'given that [it] lacked any funds to make the payment to Humphrey, that it could not obtain the requisite funds without a sale of the property, and that it was willing to pay the statutorily required interest during the period of delay.' " 170 Wn.2d at 500-01 (alteration in original) (quoting CP at 2315). The court did award fees and expenses to Clay Street and to Joseph and Lee Ann Rogel (the Rogels), however, based on its finding that Humphrey acted arbitrarily, vexatiously, and not in good faith in pursuing its dissenter's rights claim. This finding was based in part on Humphrey's rejection of both a pretrial settlement offer and a CR 68 offer of judgment.

¶8 The Court of Appeals affirmed the trial court in all respects. *Humphrey Indus., Ltd. v. Clay St. Assocs.*, noted at 147 Wn. App. 1045, 2008 WL 5182026, at *7, 2008 Wash. App. LEXIS 2856, at *21. This court granted Humphrey's petition for review, *Humphrey Indus., Ltd. v. Clay St. Assocs.*, 166 Wn.2d 1014 (2009), which objected to the Court of Appeals' determination that Clay Street substantially complied with the statutory deadline for payment of fair value—and thus that it could not be held liable for Humphrey's fees and expenses—and to the court's finding that Humphrey acted arbitrarily, vexatiously, and not in good faith. Although the Court of Appeals held that the trial court erred by considering the CR 68 offer in determining whether Humphrey's conduct was vexatious, it nevertheless upheld the finding "because the rest of the evidence amply supports it." *Humphrey*, 2008 WL 5182026, at *7, 2008 Wash. App. LEXIS 2856, at *20.

¶9 We reviewed the case, held that Clay Street did not substantially comply with the LLC Act, and remanded to

(a) Against the limited liability company and in favor of any or all dissenters if the court finds the limited liability company did not substantially comply with the requirements of this article; or

(b) Against either the limited liability company or a dissenter, in favor of any other party, if the court finds that the party against whom the fees and expenses are assessed acted arbitrarily, vexatiously, or not in good faith with respect to the rights provided by this article.

the trial court to determine whether Humphrey was entitled to fees. We also reversed the fees against Humphrey because "[t]he trial court should not have relied on Humphrey's prelitigation conduct or conduct in other suits against Clay Street and the Rogels . . . ." *Humphrey*, 170 Wn.2d at 508. Further, we stated:

> Even if the evidence was admitted for a permissible purpose, given the circumstances of this case, the record does not establish that Humphrey's actions were arbitrary, vexatious, and not in good faith. If any acts were in bad faith, they were committed by the other members of Clay Street, who sought to bypass the dissenters' rights statute and section 8.1 of their own LLC Agreement, which specifies that the property "shall not be sold, conveyed, and/or assigned without the mutual consent of each of the members . . . ."

*Id.* (quoting 2010 CP at 54). We awarded Humphrey attorney fees for the appeal because it was the prevailing party.

¶10 On remand, the trial court noted that "[a]n award of attorney's fees under the LLC Act is discretionary with the trial court." Clerk's Papers (CP) at 712. The trial court then quoted a section of our opinion, stating that

> "the award of attorney fees under RCW 25.15.480(2) is not mandatory . . . . Thus even if Clay Street *did* fail to substantially comply with the 30 day statutory deadline, or if Humphrey *did* act arbitrarily, vexatiously, or not in good faith, the opposing party is not automatically *entitled* to an award of attorney fees. Rather, the decision to award attorney fees rests in the discretion of the trial court."

*Id.* (emphasis omitted) (quoting 170 Wn.2d at 507). The trial court granted Humphrey $7,479.86, the amount of attorney fees it calculated was reasonably associated with Clay Street's failure to substantially comply with the LLC Act.

¶11 The trial court also reinstated a portion of the fees against Humphrey that this court had reversed. The trial court cited our finding that the " 'trial court should not have

relied on Humphrey's pre-litigation conduct or conduct in other suits against Clay Street and the Rogels in awarding fees against Humphrey,' " *id.* at 716 (quoting 170 Wn.2d at 508), but "recall[ed] that quite apart from the evidence found inadmissible by the Supreme Court, there was significant other evidence that indicated that Humphrey acted 'arbitrarily, vexatiously, or not in good faith . . . .' " *Id.* (quoting RCW 25.15.480(2)(b)). The court reinstated part of the attorney fee award in Clay Street's favor and the entire award to the Rogels. The trial court also denied Humphrey's request for prejudgment interest on the fees that this court had reversed, finding that the amounts were unliquidated because the trial court needed to exercise its discretion in recalculating them and noting that prejudgment interest is not appropriate when an appellate court reverses a trial court judgment.

¶12 Humphrey appealed directly to this court.

## II. ANALYSIS

### 1. RCW 25.15.480(2)(b) Fee Awards against Humphrey

■ ■ ¶13 Humphrey claims that the trial court on remand failed to follow this court's order to consider only whether Humphrey was entitled to attorney fees due to Clay Street's failure to substantially comply with the LLC Act.[3] Humphrey contends that the law of the case doctrine prohibited the trial court on remand from imposing attorney fees against Humphrey because doing so required the court to revisit issues that we had already resolved. Under the law of the case doctrine, "the parties, the trial court, and this court are bound by the holdings of [this] court on a prior appeal until such time as they are 'authoritatively overruled.' " *Greene v. Rothschild*, 68 Wn.2d 1, 10, 414 P.2d

---

[3] As an initial matter, Clay Street and the Rogels challenge Humphrey's citation to materials that were not before the trial court on remand. Given the long history of this case, however, and the close relationship between this appeal and the issues that were before the court in the prior proceeding, we decline to limit our review to documents that were before the trial court on remand. *See* RAP 9.10.

1013 (1966) (quoting *Adamson v. Traylor*, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)); *see also State v. Worl*, 129 Wn.2d 416, 424, 918 P.2d 905 (1996).

■ ¶14 Humphrey argues that we held that Humphrey's conduct did not rise to the level indicated in RCW 25.15-.480(2)(b), such that the trial court violated the law of the case doctrine by reinstating fees against Humphrey under that section. Indeed, we rejected "the trial court's finding that Humphrey acted arbitrarily, vexatiously, and not in good faith, a finding that rested in part on Humphrey's rejection of a pretrial settlement offer and a CR 68 offer of judgment." 170 Wn.2d at 508. We found that the trial court should not have relied on that inadmissible evidence, but we went further, noting that "[e]ven if the evidence was admitted for a permissible purpose, . . . the record does not establish that Humphrey's actions were arbitrary, vexatious, and not in good faith." *Id.* Because we held that Humphrey's conduct did not meet the standard to support a fee award under RCW 25.15.480(2)(b), that conclusion became the law of the case and the trial court erred by failing to apply that holding on remand.

¶15 Clay Street does not dispute that the law of the case doctrine would preclude the lower court from considering issues that had been resolved on appeal, but it asserts that we did not reach the findings of fact underlying the trial court's decision to impose fees against Humphrey. Clay Street refers to the rule that " 'we do not retry factual issues, and our examination of the record where a finding of fact is challenged[ ] goes no further than to determine whether there is substantial evidence to sustain that finding.' " Br. of Resp'ts at 27 (quoting *Govett v. First Pac. Inv. Co.*, 68 Wn.2d 973, 973, 413 P.2d 972 (1966)); *see also* RAP 13.7(b) (providing that "the Supreme Court will review only the questions raised in the motion for discretionary review"). On remand, the trial court apparently agreed that we did not reach the underlying findings of fact and it reconsidered whether Humphrey's conduct was arbitrary,

vexatious, or not in good faith. In particular, the trial court recalled that "Humphrey's unreasonable valuation of $4.1 million, almost $1 million greater than any of the other mainstream estimates, was indicative of Humphrey's arbitrariness and lack of good faith." CP at 716. Specifically pertaining to the Rogels, the trial court found that Humphrey's conduct met the standard for fees under RCW 25.15.480(2)(b) because "[d]espite acknowledging that [it] had no valid reason for keeping Mr. and Mrs. Joseph Rogel in the law suit, Humphrey unreasonably insisted that they be kept in the litigation without good cause." *Id.* at 718. As the trial court "determined in unchallenged Findings of Fact, the Rogels were retired, passive investors in Clay Street who had no involvement whatever in any alleged misconduct by Clay Street." *Id.* Because Humphrey failed to assign error in this court to the findings of fact upon which the trial court relied in reinstating fees against Humphrey, Clay Street and the Rogels allege that this court would not have reached the issue of whether those findings would support the fee award.

¶16 But Clay Street and the Rogels ignore the fact that this court *did* reach the issue of whether Humphrey acted arbitrarily, vexatiously, and not in good faith, even if Humphrey failed to challenge the underlying findings of fact. We held that "the record does not establish that Humphrey's actions were arbitrary, vexatious, and not in good faith." 170 Wn.2d at 508. Although we do not generally review findings of fact that have not been challenged, "this court has inherent authority to consider issues not raised by the parties if necessary to reach a proper decision." *Alverado v. Wash. Pub. Power Supply Sys.*, 111 Wn.2d 424, 429, 759 P.2d 427 (1988). This court implicitly found that it was necessary to determine whether the record established that Humphrey's actions were arbitrary, vexatious, or not in good faith, and it held that Humphrey's conduct did not meet that standard. This became the law of the case, and the trial court on remand was not authorized to reconsider fees against Humphrey.

¶17 We reverse the fees that the trial court awarded in favor of Clay Street and the Rogels.

## 2. Prejudgment Interest

¶18 Humphrey argues that the trial court erred by refusing to grant prejudgment interest on the amounts it paid to Clay Street and the Rogels that were reversed by this court. The trial court refused to grant prejudgment interest on the grounds that the amount was not liquidated and that prejudgment interest is not appropriate when an appellate court reverses a trial court judgment, requiring a new judgment to be entered.

¶19 Prejudgment interest compensates a plaintiff for the "use value" of damages incurred from the time of the loss until the date of judgment. *Hansen v. Rothaus*, 107 Wn.2d 468, 473, 730 P.2d 662 (1986); *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968). Prejudgment interest is awardable if a claim is liquidated, meaning that it is determinable without reliance on opinion or discretion. *Hansen*, 107 Wn.2d at 472. We review a trial court's order on prejudgment interest for abuse of discretion. *See Scoccolo Constr., Inc. v. City of Renton*, 158 Wn.2d 506, 519, 145 P.3d 371 (2006). Under this standard, we reverse a trial court's decision only if it "is manifestly unreasonable, exercised on untenable grounds, or exercised for untenable reasons. Untenable reasons include errors of law." *Noble v. Safe Harbor Family Pres. Trust*, 167 Wn.2d 11, 17, 216 P.3d 1007 (2009).

¶20 Humphrey argues that the trial court erred in finding that the attorney fee awards this court reversed were not liquidated. The trial court found that the posttrial award of fees to Clay Street and the Rogels was not liquidated because "before any final supplemental judgment may be made, the court needs first to exercise its discretion, not only concerning a recalculation of attorney's fees in light of the Supreme Court's remand, but also to include other adjustments and offsets that may be neces-

sary." CP at 719. As discussed above, however, our prior decision did not authorize the trial court to reconsider imposing attorney fees against Humphrey. Humphrey had already paid the attorney fee award that we reversed, therefore the trial court did not need to exercise its discretion in ordering Clay Street and the Rogels to repay that specific amount. The trial court's conclusion that the attorney fee award was not liquidated was based on an erroneous interpretation of our decision, constituting an abuse of discretion.

■ ¶21 The trial court also rested its decision to deny Humphrey prejudgment interest on its conclusion that "prejudgment interest is not appropriate when an appellate court reverses a trial court judgment, requiring a new judgment to be entered." *Id.* at 720 (citing *Fulle v. Boulevard Excavating, Inc.*, 25 Wn. App. 520, 522, 610 P.2d 387 (1980)). *Fulle*, however, concerns an award of *post*judgment interest, as does *Fisher Properties, Inc. v. Arden-Mayfair, Inc.*, 115 Wn.2d 364, 373-74, 798 P.2d 799 (1990), which Clay Street and the Rogels cite for the same proposition. These cases establish "that interest runs from the date of the original judgment where the appellate court 'merely modifies the trial court award and the only action necessary in the trial court is compliance with the mandate,' while interest runs from the new judgment where the court 'has reversed the trial court judgment and directed that a new money judgment be entered . . . '." *Id.* at 373 (alteration in original) (quoting *Fulle*, 25 Wn. App. at 522). This rule is ill suited to awards of prejudgment interest, which accrue from the time of a plaintiff's loss rather than from the date of judgment. *Hansen*, 107 Wn.2d at 473. The trial court erred in denying Humphrey prejudgment interest based on its assertion that prejudgment interest is not appropriate when an appellate court reverses a trial court judgment.[4]

---

[4] Additionally, Clay Street and the Rogels claim that attorney fee awards are not subject to prejudgment interest. Br. of Resp'ts at 31 (citing *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 687-88, 15 P.3d 115 (2000)).

¶22 The trial court abused its discretion by denying Humphrey prejudgment interest on the reversed awards.

## 3. Individual Liability of Clay Street Members

¶23 Humphrey argues that this court should hold Clay Street's individual members liable.[5] Humphrey claims that the members are liable under a provision of the LLC Act, under case law, and under a theory of restitution.

¶24 In general, members of an LLC are not personally liable for the LLC's debts, obligations, or liabilities. *Chadwick Farms Owners Ass'n v. FHC, LLC*, 166 Wn.2d 178, 200, 207 P.3d 1251 (2009); RCW 25.15.125. A member may be liable to the LLC or other members, however, for an act or omission that "constitutes gross negligence, intentional misconduct, or a knowing violation of law." RCW 25.15.155(1). Further, a member may become liable to the LLC if the member receives a distribution from the LLC knowing that, after taking the distribution, the LLC would

*Weyerhaeuser* is inapposite, however, as the party seeking prejudgment interest in that case did "not argue that attorneys' fees [were] liquidated and thus properly the subject of prejudgment interest." 142 Wn.2d at 687. Here, on the other hand, the amount Humphrey paid to satisfy the reversed judgments is a liquidated sum. The fact that Humphrey paid that sum to satisfy an award of attorney fees does not change it from a liquidated to an unliquidated amount. *See, e.g., Flint v. Hart*, 82 Wn. App. 209, 225-26, 917 P.2d 590 (1996) (affirming an award of prejudgment interest for attorney fees a client had already paid but reversing an award of prejudgment interest for "reasonable" attorney fees).

[5] Clay Street and the Rogels assert that Humphrey failed to make this argument on remand, such that we should refuse to consider the issue on appeal. Humphrey raised the issue in its posthearing submission, CP at 972, however, which the trial court considered before issuing its order on remand, *id.* at 708-09. The trial court also considered Clay Street and the Rogels' joint response to Humphrey's posthearing submission, *id.* at 709, which asserts that the issue of member liability had not been properly litigated, *id.* at 441. Moreover, in its 2005 complaint, Humphrey noted that it "may ask for relief from the other members to the extent that they may have received assets from a particular company that no longer has any assets." *Id.* at 595; *cf. King County v. Wash. State Boundary Review Bd.*, 122 Wn.2d 648, 660, 860 P.2d 1024 (1993) ("Where parties brief and argue an issue in a lower court, and the court rules upon it, that issue is properly raised for appellate review even if not formally within the pleadings before the lower court."). Although the trial court did not explicitly address the issue of member liability, it impliedly did so by ordering Clay Street as the judgment debtor to Humphrey, without extending liability to the members. CP at 720. The general issue of member liability is properly before the court.

not be able to pay its usual debts or that the LLC's debts would exceed its assets. RCW 25.15.235(1)-(2).

¶25 Humphrey has not supported its argument that the individual members are liable. We do not disturb a trial court's findings of fact if they are supported by substantial evidence, and unchallenged findings of fact become verities on appeal. *Davis v. Dep't of Labor & Indus.*, 94 Wn.2d 119, 123, 615 P.2d 1279 (1980). Humphrey essentially asks this court to make new findings on the record. For example, Humphrey argues that the other members are liable under RCW 25.15.155(1) because they took distributions from Clay Street, knowing that the LLC would be liable to satisfy Humphrey's rights as a dissenter. Similarly, Humphrey claims that the other members violated RCW 25.15.235 by improperly taking distributions from the LLC, but the record does not allow us to conclusively determine this issue. Humphrey's argument that it is entitled to restitution from the other members due to their unjust enrichment also depends upon factual findings that it would be improper for this court to make on appellate review.

¶26 Humphrey's theories of individual member liability would require this court to conduct factual inquiries that are beyond the scope of appellate review. Humphrey failed to obtain favorable factual findings in the prior proceedings before the trial court, and it has not supported its arguments in this appeal. We decline to remand this issue to the trial court, and therefore we do not discuss Humphrey's request that this case be transferred to a different judge.

## 4. Appellate Fees

¶27 Humphrey requests fees for this appeal and fees incurred below to enforce our order on remand. Humphrey refers to our grant of fees in its favor in the last proceeding, which was based on Humphrey's status as the prevailing party. Humphrey argues that fees should be imposed on the other members pursuant to the LLC agreement's fee-shifting provision and exceptions to the American rule.

¶28 Humphrey refers to our award of attorney fees in its favor in the prior appeal, which was based on Humphrey's status as the prevailing party. A party may recover fees only if authorized by contract, statute, or a recognized ground in equity. *Seattle Sch. Dist. No. 1 v. State*, 90 Wn.2d 476, 540, 585 P.2d 71 (1978). In the last proceeding before this court, we found that Clay Street had failed to substantially comply with the LLC Act. 170 Wn.2d at 507. Although we did not explain the statutory basis for fees on that appeal, fees were appropriate under RCW 25.15-.480(2)(a) due to Clay Street's failure to substantially comply with the LLC Act. For that reason, we find that Humphrey is entitled to an award of attorney fees from Clay Street for this appeal as well. We decline to award Humphrey fees for the trial court proceedings on remand.

¶29 As a contractual basis for a fee award against the other members, Humphrey refers to the fee-shifting provision in Clay Street's LLC agreement. The agreement states, "In the event a lawsuit is initiated to enforce the terms of this Agreement, the prevailing party shall be entitled to recover his attorney's fees and costs." CP at 1662. But this appeal does not concern enforcement of the LLC agreement. Instead, just as in the prior proceeding before this court and on remand afterward, the parties dispute the award of attorney fees under RCW 25.15.480.

¶30 Humphrey also contends that the LLC's members are liable under other exceptions to the American rule. Humphrey argues that the members are liable due to their bad faith, referring to our statement that "[i]f any acts were in bad faith, they were committed by the other members of Clay Street . . . ." 170 Wn.2d at 508. But that statement does not establish that the other members actually acted in bad faith, nor does Humphrey refer to findings from the trial court to support that conclusion.

¶31 Humphrey also argues that the members are liable for fees under the breach of fiduciary duty exception to the American rule. Humphrey relies in part on the fiduciary

duty owed among *partners* in a *partnership*, Br. of Appellant at 43 (citing *Green v. McAllister*, 103 Wn. App. 452, 468, 14 P.3d 795 (2000)), but it assumes without support that the same duty exists among LLC members. *Cf. Dragt v. Dragt/ DeTray, LLC*, 139 Wn. App. 560, 574-75, 161 P.3d 473 (2007) (holding that nonmanager members of a manager-managed LLC do not owe each other a fiduciary duty). We do not consider the issue here.

¶32 Humphrey is entitled to attorney fees accrued in this appeal, but we decline to award fees for the proceedings on remand. Humphrey has not established that the individual members are liable for its fees.

## III. CONCLUSION

¶33 The trial court violated the law of the case by reinstating fees against Humphrey. We reverse the trial court's award of fees against Humphrey and award Humphrey prejudgment interest on the original fee award it satisfied. The individual members are not liable for Clay Street's obligations in this litigation because Humphrey has failed to support such a finding. Humphrey is entitled to attorney fees for this appeal.

MADSEN, C.J.; C. JOHNSON, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, and WIGGINS, JJ.; and CHAMBERS, J. PRO TEM., concur.