IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| VFW 3348 FOUNDATION, a Washington nonprofit organization, | ) ) ) | No. 33233-1-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| ALBERT BREDE and SANDY BREDE, husband and wife, and the marital community thereof, | ) ) ) ) | |
| Respondents. | ) ) | |

BROWN, A.C.J. — VFW 3348 Foundation, a nonprofit organization, appeals the trial court's ruling time-barring its 2001-2007 conversion claims against Albert Brede and his wife, Sandy Brede. The court found VFW discovered Mr. Brede's theft at the latest by January 20, 2008 and applied RCW 4.16.080(2)'s three-year statute of limitations to bar earlier conversions. We affirm.

FACTS

The facts are verities on appeal because they are drawn from the court's unchallenged findings of fact. *Humphrey Indus., Ltd. v. Clay St. Assocs., LLC*, 176 Wn.2d 662, 675, 295 P.3d 231 (2013). Mr. Brede was VFW's treasurer (quartermaster)

and a director. As treasurer, Mr. Brede solely accessed VFW's bank and financial records between 2001 and 2008 and issued VFW checks. Three fiduciary breaches by Mr. Brede became VFW concerns.

First, the court found beginning in 2001 and continuing through July 2008, Mr. Brede improperly issued checks totaling $130,208.99, either directly to himself or to others for his personal gain. Second, In October 2010, Mr. Brede improperly deposited a check belonging to VFW into a "VFW 3348 Post" bank account. Clerks Paper (CP) at 388. VFW 3348 Post and VFW 3348 Foundation are separate entities. Two days after depositing the check, Mr. Brede wrote a check in the amount of $6,555.53 on VFW 3348 Post account to himself. Third, the court found Mr. Brede improperly received VFW funds from rebates and refunds from consumer purchases.

From the inception of the foundation until sometime in the calendar year 2006, Mr. Brede was the sole board member receiving VFW bank statements. Mr. Brede never provided copies of these statements nor documentation of his activities to the board. Mr. Brede knew no foundation books were available to be audited. In reviewing the 2007 year end statements, VFW director George Landrum learned Mr. Brede had stolen a substantial amount of money from the foundation ($40,000 or $50,000) in 2007. Mr. Landrum and the board confronted Mr. Brede in January 2008. Mr. Brede promised to reimburse the foundation for any funds wrongfully taken by him should an audit reveal the funds had been wrongfully taken. At the time that he made this agreement, Mr. Brede knew that there could be no audit, as he was aware that there were no financial records to be audited. Mr. Brede routinely destroyed those records.

2

On March 31, 2011, VFW sued the Bredes for conversion.[1] At a bench trial, after VFW presented its case, Mr. Brede requested dismissal under CR 12(b). The trial court construed the motion as a CR 41(b)(3) motion and granted a portion of the request, finding the majority of VFW's claims time barred. The court found when Mr. Landrum and the board discovered Mr. Brede's 2007 conversions of property, the board did not know the full extent of the conversion, "but a reasonable person in the exercise of diligence would not have taken the word of the thief and would have looked further into the matter at that time." CP at 390. The court then found when VFW discovered the information by early 2008, it triggered the applicable statute of limitations. Of the remaining claims, the court entered a judgment in favor of VFW for $13,091.44. VFW unsuccessfully requested reconsideration and then appealed.

## ANALYSIS

The issue is whether the trial court erred in dismissing the majority of VFW's conversion claims under CR 41(b)(3) as time barred. VFW contends the statute of limitations was tolled under the discovery rule because of Mr. Brede's fiduciary status.

Preliminarily, VFW contends because the Bredes did not request dismissal under CR 41(b)(3), the court erred in relying on that rule in dismissing their claims. They argue the court failed to view the evidence in the light most favorable to VFW. Under CR 41(b)(3), in a bench trial the court "may grant a motion to dismiss at the close of the plaintiff's case either as a matter of law or a matter of fact." *Commonwealth Real Estate Servs. v. Padilla,* 149 Wn. App. 757, 762, 205 P.3d 937 (2009).

---

[1] VFW alleged a dismissed contract claim is not part of this appeal.

3

The rule does not specifically state a motion to dismiss must be made under CR 41(b)(3). It provides the defendant "may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." The Bredes requested dismissal under CR 12(b)(6). CR 12(b)(6) provides a defense for when a plaintiff fails "to state a claim upon which relief can be granted." Generally, once "matters outside the pleading are presented," CR 12(b)(6) motions are treated as summary judgment motions. CR 12(b). Even so, nothing bars the judge in a bench trial from reaching a CR 41(b)(3) dismissal. Under our facts, the court properly relied on CR 41(b)(3) in its rulings. Next, VFW argues the court did not view the evidence in a light most favorable to it. But VFW did not challenge the findings of fact on appeal, thus they are verities. *Humphrey Indus.*, 176 Wn.2d at 675. Therefore, VFW's challenge to the underlying basis for the facts as a whole is waived.

Turning to the merits of this appeal, VFW argues the statute of limitations was tolled based on the discovery rule. If the trial court dismisses a case under CR 41(b) as a matter of law after the plaintiff rests, "review is de novo." *In re Dependency of Schermer*, 161 Wn.2d 927, 939-40, 169 P.3d 452 (2007). Findings to which no error has been assigned are verities on appeal and our review is limited to whether those findings support the court's conclusions of law. *Brown v. Dep't of Health*, 94 Wn. App. 7, 13, 972 P.2d 101 (1999). Lastly, whether a statute of limitations bars a plaintiff's action is typically a question of law we review de novo. *Elllis v. Barto*, 82 Wn. App. 454, 457, 918 P.2d 540 (1996).

4

Under RCW 4.16.080(2), the statute of limitations to bring a suit for conversion is three years. This three-year period begins to run from "'the time when plaintiff first became entitled to sue.'" *Jones v. Jacobson*, 45 Wn.2d 265, 269, 273 P.2d 979 (1954) (quoting *Young v. City of Seattle*, 30 Wn.2d 357, 361, 191 P.2d 273 (1948)). The discovery rule tolls the statute of limitations until the plaintiff has knowledge of the facts giving rise to the cause of action. *Richardson v. Denend*, 59 Wn. App. 92, 96, 795 P.2d 1192 (1990). Knowledge of the factual, not the legal, basis of the action is key under the discovery rule. *Allen v. State*, 118 Wn.2d 753, 758, 826 P.2d 200 (1992).

Here, the trial court found Mr. Brede engaged in wrongdoing beginning in 2001. The court, however, found the discovery rule tolled the statute of limitations until late 2007 or early 2008. At this time, VFW became aware of Mr. Brede's actions when VFW director, Mr. Landrum, learned Mr. Brede had stolen a substantial amount of money from the foundation and confronted him. Conversion is the willful interference with another's property without lawful justification, resulting in the deprivation of the owner's right to possession. *Brown v. Brown*, 157 Wn. App. 803, 817, 239 P.3d 602 (2010). Knowledge of the taking of a substantial sum of money necessarily entails knowledge of facts that give rise to a conversion claim. Because VFW knew of Mr. Brede's conversion by no later than January 20, 2008, under the discovery rule, its cause of action necessarily accrued as of that date.

Relying on *Crisman v. Crisman*, 85 Wn. App.15, 931 P.2d 163 (1997), VFW argues because Mr. Brede denied wrongdoing and continued to act as its fiduciary, it tolled the statute of limitations until October 8, 2010 when VFW learned

5

about the check Mr. Brede wrongly deposited into VFW 3348 Post's account. In *Crisman*, the court applied the discovery rule to a conversion claim when the defendant breached fiduciary duties by failing to disclose the transfer of corporate funds to his benefit. The trial court in *Crisman* granted a CR 50(b) motion for judgment as a matter of law after a jury trial based on the argument that the plaintiff should have discovered a theft "when she assumed control of [a] business and found it to be in a precarious financial state." *Id.* at 23. The *Crisman* court reversed, holding ample evidence supported the jury's factual finding that the plaintiff neither could nor should have discovered the conversion until the defendant's estranged wife informed the plaintiff that the defendant had destroyed financial records and took jewelry. *Id.*

Unlike *Crisman*, VFW knew of wrongdoing in late 2007 or early 2008. Mr. Brede's fiduciary status to VFW provides no basis for deviating from discovery rule standards. VFW's cause of action accrued when it knew or should have known all of the essential elements of the cause of action. Based on the unchallenged findings of fact, this was no later than January 20, 2008. Because VFW knew or should have known of the essential elements of its conversion claim by January 20, 2008, its claims for conversion occurring before that date had to be brought by the end of January 2011, or be barred by the three-year statute of limitations. Unfortunately, VFW did not bring its claims until March 31, 2011. The trial court properly concluded all of the claims based on conversion occurring before January 20, 2008 were time barred. Therefore, the trial court did not err in dismissing the matter under CR 41(b)(3).

6

No. 33233-1-III
*VFW 3348 Foundation v. Brede*

Affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, J.

7