FILED
11/6/2023
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JINRU BIAN, a single man, | No. 84801-1-I |
| Appellant, | |
| | DIVISION ONE |
| v. | |
| OLGA SMIRNOVA and JOHN DOE SMIRNOVA, a married man and woman and their marital community, | UNPUBLISHED OPINION |
| Respondents. | |

BOWMAN, J. — Olga Smirnova successfully defended against Jinru Bian's adverse possession claim, and the trial court issued an order awarding her reasonable attorney fees and costs. We affirmed the trial court's dismissal of the adverse possession claim but reversed and remanded its award of attorney fees. On remand, the trial court again awarded Smirnova her attorney fees and costs and ordered interest to accrue from the original judgment date. Bian appeals the trial court's new order. We affirm the attorney fee award but remand for the trial court to amend the new money judgment to accrue interest from only the date of its execution.

FACTS

Bian and Smirnova are neighbors, residing in Bellingham. On September 18, 2018, Bian sued Smirnova in Whatcom County Superior Court, alleging adverse possession to a piece of Smirnova's abutting property. The parties engaged in discovery for the next two years, but in January 2020, the court dismissed the case for lack of prosecution.

On February 6, 2020, Bian refiled the same complaint. The parties cross moved for summary judgment, and in August 2020, the trial court granted Smirnova's motion to dismiss Bian's adverse possession claim. In October 2020, Bian appealed the summary judgment ruling. Then, on February 26, 2021, the trial court entered an order awarding Smirnova attorney fees and costs. And on March 19, 2021, the court entered a judgment for $39,378.89 in favor of Smirnova. That same day, Bian amended his notice of appeal to include the award of attorney fees.

On October 18, 2021, we affirmed the dismissal of Bian's adverse possession claim but reversed the award of attorney fees and remanded for the trial court to determine whether the amount Smirnova requested was "equitable and just" under RCW 7.28.083(3). Bian v. Smirnova, No. 81937-2-I, slip op. at 17 (Wash. Ct. App. Oct. 18, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/819372.pdf. Bian then petitioned for review in the Supreme Court. The court denied review and awarded Smirnova reasonable attorney fees and costs "incurred in filing an answer to the petition for review as well as answers to the motions filed in the Supreme Court." Bian v. Smirnova, 199 Wn.2d 1008, 506 P.3d 642 (2022). On May 17, 2022, the Supreme Court entered a judgment awarding Smirnova $10,700 in attorney fees.

On remand to the superior court, Smirnova presented a proposed order and judgment awarding her $50,078.89 in attorney fees, costs, and interest.[1] On October 28, 2022, the trial court entered an "Order Granting Defendants' Motion

---

[1] The amount included the May 2022 Supreme Court judgment.

for Entry of Judgment and for Award of Attorneys' Fees and Costs." The language of the order was nearly identical to the original February 26, 2021 order but added the subsequent history of the case and the language that "the Court has determined that such an award is equitable and just as required under RCW 7.28.083(3), and in accordance with the Opinion of the Court of Appeals."

On November 4, 2022, Bian moved for reconsideration and set a hearing date of December 2, 2022 without oral argument. But on November 17, the trial court entered an amended judgment for Smirnova for $50,078.89. Bian timely appealed that judgment on December 9, mentioning his pending motion for reconsideration. Then, on December 15, 2022, the trial court granted Bian's motion for reconsideration, ordering "a hearing on the record for all issues related to the reasonableness of the Court's award of any attorney fees and costs, including whether such fees and costs are just and equitable."[2]

On March 29, 2023, the trial court held that hearing. At the end of the hearing, the court granted Smirnova her reasonable attorney fees and costs as the prevailing party under RCW 7.28.083(3). It concluded the award was equitable and just and incorporated its "oral rulings as captured in the court transcript" as binding on the final judgment. The court set a hearing for April for entry of the judgment.

On April 14, 2023, the trial court entered a "Second Amended Judgment" for Smirnova for $34,674.84, which included interest accrued from the date of the

---

[2] On February 24, 2023, a commissioner of this court granted Bian's request for the superior court to hear his postjudgment motion for reconsideration.

original March 19, 2021 judgment.[3] Bian appeals.

ANALYSIS

Bian argues that the record does not support the trial court's determination that the amount of its fee award is equitable and just. We disagree.

"The general rule in Washington is that attorney fees will not be awarded for costs of litigation unless authorized by contract, statute, or recognized ground of equity." Durland v. San Juan County, 182 Wn.2d 55, 76, 340 P.3d 191 (2014). Whether a trial court is authorized to award attorney fees is a question of law we review de novo. Workman v. Klinkenberg, 6 Wn. App. 2d 291, 305, 430 P.3d 716 (2018). When authorized, we will uphold an attorney fee award unless the trial court manifestly abused its discretion. Id. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. Id.

Under RCW 7.28.083(3),

> [t]he prevailing party in an action asserting title to real property by adverse possession may request the court to award costs and reasonable attorneys' fees. The court may award all or a portion of costs and reasonable attorneys' fees to the prevailing party if, after considering all the facts, the court determines such an award is equitable and just.

A determination of reasonable attorney fees begins with calculating the "lodestar," which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Berryman v. Metcalf, 177 Wn. App. 644,

---

[3] The court amended the November 17, 2022 judgment awarding Smirnova a total attorney fee award of $50,078.89 to credit Bian for $25,000.00 he paid in December 2022. The April 14, 2023 award of $34,674.84 included the remaining balance owed for attorney fees ($25,078.89), costs ($188.39), and interest ($9,407.56).

660, 312 P.3d 745 (2013). The court must then discount hours spent on " 'unsuccessful claims, duplicated effort, or otherwise unproductive time.' " Id. at 662 (quoting Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983)).

Trial courts must articulate the grounds for a fee award, making a record sufficient to permit meaningful review. White v. Clark County, 188 Wn. App. 622, 639, 354 P.3d 38 (2015). This generally means supplying findings of fact and conclusions of law sufficient to permit a reviewing court to determine why the trial court awarded the amount in question. Id. A trial court's oral ruling becomes binding when, as here, it formally incorporates its oral ruling into the findings, conclusions, and judgment. In re Det. of B.M., 7 Wn. App. 2d 70, 84, 432 P.3d 459 (2019).

Here, the trial court determined that it was equitable and just to award Smirnova all her reasonable attorney fees and costs. In its oral ruling on March 29, 2023, the court found that Bian's boundary dispute "was over a very small footprint of land," yet the lawsuit gave rise to several years of litigation and many court hearings. The court also found it concerning that Bian filed the lawsuit in 2018, allowed the lawsuit to fail for want of prosecution, and then "almost immediately" refiled the same lawsuit. The court characterized Bian's conduct as bordering on "vexatious litigation." The record supports the trial court's determination that it was equitable and just to award Smirnova all her reasonable attorney fees.

The court then calculated Smirnova's reasonable attorney fees using the lodestar method. It reviewed more than 25 pages of billing records documenting

the hours Smirnova's attorney spent defending the lawsuit from 2018 until its conclusion. The court concluded that counsel's hourly rates were reasonable because they were "substantially less than . . . would be charged [for] an attorney practicing in King County." It also determined that the attorney hours were reasonable considering the four years of litigation, noting that the total cost of representation was "not as substantial" as similar cases before the court. The court did not abuse its discretion in calculating Smirnova's reasonable attorney fees and costs.

Bian argues the award is not equitable and just because it includes attorney fees incurred defending the 2018 lawsuit. According to Bian, those fees should not be included because the case was "closed" and not sufficiently related to Smirnova's successful disposition in 2023 to warrant an award of fees. But the record shows that Smirnova incurred significant attorney fees defending against Bian's allegations in the 2018 lawsuit. The parties engaged in discovery and litigated the claims for two years before the court dismissed it for Bian's inaction. And the fruits of those efforts were clearly relevant to defending against Bian's identical refiled allegations.

Bian also argues the award is not equitable and just because it includes attorney fees incurred developing Smirnova's "counterclaim" of merger, which he describes as "unsuccessful." But Smirnova did not bring a counterclaim of merger. Instead, she pleaded merger of title as an affirmative defense to Bian's allegation of adverse possession. And Bian cites no authority that a party cannot recover attorney fees for time spent developing an affirmative defense to a plaintiff's allegations. When a party cites no authorities in support of a

proposition, we need not search out authorities, but may assume that the party, after diligent search, found none. Fox v. Skagit County, 193 Wn. App. 254, 277-78, 372 P.3d 784 (2016) (citing DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

Finally, Bian argues that the trial court erred by awarding interest on the attorney fee award dating back to the original March 2021 judgment. We agree.

Interest on a judgment is governed by statute. Fulle v. Boulevard Excavating, Inc., 25 Wn. App. 520, 522, 610 P.2d 387 (1980) (citing RCW 4.56.110). Under RCW 4.56.110(3)(a), when

> a court is directed on review to enter judgment on a verdict or in any case where a judgment entered on a verdict is wholly or partly affirmed on review, interest on the judgment or on that portion of the judgment affirmed shall date back to and shall accrue from the date the verdict was rendered.

However, "[a]wards reversed on review do not bear interest." Fisher Props., Inc. v. Arden-Mayfair, Inc., 115 Wn.2d 364, 373, 798 P.2d 799 (1990). So, when an appellate court decision " 'merely modifies the trial court award and the only action necessary in the trial court is compliance with the mandate,' " interest will accrue from the date of the original judgment. Id. (quoting Fulle, 25 Wn. App. at 522). But interest runs from only the new judgment date when the appellate court " 'has reversed the trial court judgment and directed that a new money judgment be entered.' " Id. (quoting Fulle, 25 Wn. App. at 522).

Here, we "reverse[ed] the award of attorney fees [to Smirnova] and remand[ed] to the trial court to independently determine if the amount Smirnova requested was equitable and just." Bian, No. 81937-2-I, slip op. at 17. In doing so, we did not modify the fee award and remand for the trial court to simply follow

7

our mandate. Instead, we authorized the trial court to exercise its discretion and determine what amount of Smirnova's fee request was equitable and just. As a result, interest should accrue from the date of the new money judgment.

Smirnova asks for attorney fees on appeal under RCW 7.28.083(3) as the "prevailing party in an action asserting title to real property by adverse possession." When a statute authorizes fees in the trial court, those fees are also available on appeal. SEIU Healthcare Nw. Training P'ship v. Evergreen Freedom Found., 5 Wn. App. 2d 496, 515, 427 P.3d 688 (2018). Because both parties prevailed on appeal in part, we decline to award Smirnova attorney fees.

We affirm the trial court's award of attorney fees as equitable and just but remand for the court to modify the April 14, 2023 money judgment to accrue interest from the date of its execution.

Brennan, J.

WE CONCUR:

Coburn, J.          Mann, J.

8