IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of:<br><br>The Parenting and Support of Z.C.,<br><br>A minor child.<br><br>CORY HUGH EDGAR CLARKE,<br><br>Respondent,<br><br>v.<br><br>TAYLOR ANN DIKE[†],<br><br>Appellant. | No. 87466-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — We remanded Taylor Savage's prior appeal to the trial court to decide whether she or her ex-spouse, Cory Clarke, would have sole decision-making authority over certain important parenting matters and to specify the role the court would play in their disputes. She now claims that the court's subsequent order violated the law of the case and the appearance of fairness doctrines, and

---

[†] We note that at the time the litigation commenced, Taylor Savage was known as Taylor Dike, but we will refer to her in this opinion using her current name.

that she did not receive a fair trial. We conclude the court complied with our mandate, and we affirm.

## I.    BACKGROUND

In 2022, the trial court presided over a trial and in 2023, entered a parenting plan for the parties' child in common, Z.C. Savage appealed, and this court affirmed in large part and reversed in part, remanding the matter, in November 2023, to ensure compliance with RCW 26.09.191(1), in two specific respects. In re the Parenting & Support of Z.C., No. 84897-6-I, slip op. at 20-21, (Wash. Ct. App. Nov. 13, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/848976.pdf.

First, the trial court ordered joint decision-making as to Z.C.'s education and healthcare, and we concluded it must identify a sole parental decision-maker because at least one parent had engaged in domestic violence. Z.C., No. 84897-6-I, slip op. at 14. Second, the trial court ordered the parties to mediate disputes about such matters before an "agreed mediator" and did not require the court take any action in the dispute resolution process at all. We concluded that the statute required some court involvement. This court issued its mandate to the trial court in May 2024, after denying a motion for reconsideration and after the Supreme Court denied a petition for review.

On remand, the trial court considered the parties' competing motions and heard argument in July 2024. In October 2024, it subsequently issued an order ("amended plan") granting education and healthcare decision-making solely to Clarke, after finding inter alia that, while "both parents engaged in domestic

violence," Clarke had "received treatment related to it, and while Ms. Savage struck the child, there is no evidence to suggest that Mr. Clarke has done so." The court also ordered that it would resolve all disputes thereto directly.

Savage timely filed a second appeal.

## II.    ANALYSIS

### A.    Law of the Case Doctrine

Savage claims that the trial court's amended plan violates the law of the case doctrine. We disagree.

The "law of the case" doctrine "serves to 'promote[] the finality and efficiency of the judicial process by protecting against the agitation of settled issues.'" State v. Harrison, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003) (some alterations in original) (internal quotation marks omitted) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)). It therefore dictates "[a]n appellate court's mandate is binding on the lower court and must be strictly followed," Bank of Am., N.A. v. Owens, 177 Wn. App. 181, 189, 311 P.3d 594 (2013), and it "forbids . . . a lower court from relitigating issues that were decided by a higher court." Lodis v. Corbis Holdings, Inc., 192 Wn. App. 30, 56, 366 P.3d 1246 (2015). Though "a remand 'for further proceedings' 'signals this court's expectation that the trial court will exercise its discretion to decide any issue necessary to resolve the case,' the trial court cannot *ignore the appellate court's specific holdings and directions* on remand." Owens, 177 Wn. App. at 189 (quoting In re Marriage of Rockwell, 157 Wn. App. 449, 453, 238 P.3d 1184 (2010)

(footnote omitted)) (emphasis added).[1]

In other words, a trial court violates the law of the case doctrine if its actions on remand "thwart the direction" we have given. Id. at 191 (citing Nat'l Bank of Wash. v. Equity Inv'rs, 83 Wn.2d 435, 442, 518 P.2d 1072 (1974)). A trial court "err[s] by failing to apply" a reviewing court's specific holding, see Humphrey Indus., Ltd. v. Clay St. Assocs., LLC, 176 Wn.2d 662, 670, 295 P.3d 231 (2013), and any conclusion it reaches "based on an erroneous interpretation of [an appellate] decision[] constitut[es] an abuse of discretion." Id. at 673.

Although Savage opposes the amended plan's restriction on her parental decision-making, her briefing on the law of the case doctrine initially concedes that the trial court "adher[ed]" to our directive to decide which parent had decision-making authority. Br. of Appellant at 7. But she asserts that the court improperly "relitigated issues already decided by this court," claiming that our decision had held "*no parental limitations* were appropriate to impose upon the parties." In support, she cites to a portion of this court's decision which addressed a specific claim she had raised in her first appeal, i.e., that the court did not explain why a proposed week-on-week-off schedule was in Z.C.'s best interest.

This argument fails, because it transforms what we actually held—i.e., that there was substantial evidence for the court's approval of the residential schedule—into a holding we did *not* make, i.e., that writ large "*no* parental

---

[1] Separately, this court also applies the "law of the case doctrine" to preclude "successive reviews of issues that a party raised, *or could have raised*, in an earlier appeal in the same case." In re Estate of Langeland, 195 Wn. App. 74, 82, 380 P.3d 573 (2016) (emphasis added).

limitations were appropriate to impose[.]"). Z.C., No. 84897-6-I, slip op. at 6-7. Such a holding did not appear in our opinion and, thus, a new finding would not "thwart" our mandate. Owens, 177 Wn. App. at 191.

Somewhat confusingly, Savage then proceeds to acknowledge we did deem it "appropriate" for the court to impose decision-making limitations because of a bilateral history of domestic violence. In fact, Savage originally argued that such a finding was required. Z.C., No. 84897-6-I, slip op. at 10. The problem that we found was that the trial court had not specified which parent should have sole decision-making authority. Id. at 14. Regardless, our decision nowhere held the trial court could not impose any parenting restrictions on her under RCW 26.09.191(1).

Savage next argues that the trial court violated the law of the case doctrine by awarding Clarke sole decision-making authority based on the evidence in the record she had slapped Z.C. in 2022. She asserts that our opinion did not reach a conclusion about the slapping incident and that we based our opinion on the fact of domestic violence between the parents. Again, we did not so hold. This court's holding was limited to ensuring that the mandatory requirement of RCW 26.09.191(1) of picking one parent for such decisions was complied with. Z.C., No. 84897-6-I, slip op. at 13. The trial court chose Clarke, in part, on the fact that Savage had inflicted physical force on Z.C., while there was no evidence Clarke had ever done so. That is not inconsistent with our ruling. Cf. Humphrey, 176 Wn.2d at 673.

As to our second directive—i.e., to identify the court's role in dispute

resolution process—Savage claims the trial court violated the law of the case doctrine because "the word 'specify' in this court's mandate indicates that the trial court should be *specific* in its role in the dispute resolution process." Z.C., No. 84897-6-I, slip op. at 21. This argument is unpersuasive.

First, Savage provides no legal authority in support of the claim that an order which is responsive to, but arguendo only in a general way, may violate that doctrine. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

Moreover, as Savage appears to concede, Br. Appellant at 7 n.1, we held that the trial court needed only to identify *some* action it would take in the process of dispute resolution, but, "[w]e le[ft] the precise nature of the 'court action' to [its] discretion[.]" Z.C., No. 84897-6-I, slip op. at 14. Nonetheless, she claims it did not specify "what *action* it will take[.]" We did not require the trial court to set out detailed precise actions and the court complied with our directive when it agreed to "provide all dispute resolution." It therefore did not err by failing to apply our specific holdings, Humphrey, 176 Wn.2d at 670, nor did it abuse its discretion by basing its order on an erroneous interpretation of our opinion. Id. at 673.

In summary, the court did not "thwart" either directive of our opinion and, thus, did not violate the law of the case doctrine. Owens, 177 Wn. App. at 191.

B.    Savage's Other Claims of Error

Savage also claims that the court violated the appearance of fairness

6

doctrine and that she did not ever receive a fair trial in the first place. She concedes she raises both issues for the first time on appeal. Her only argument that the issues are nonetheless preserved is that she has the constitutional right to a fair trial. Nowhere does she acknowledge or address that such an error must be manifest. State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). "Essential to this determination is a plausible showing by the [litigant] that the asserted error had practical and identifiable consequences in the trial of the case." State v. Lynn, 67 Wn. App. 339, 345, 835 P.2d 251 (1992).

But even if her claims were preserved, her arguments are unavailing. As to the appearance of fairness doctrine, she does not surmount the high standards to prevail. Because the trial court is presumed to perform its functions regularly and properly without bias or prejudice, Wolfkill Feed & Fertilizer Corp. v. Martin, 103 Wn. App. 836, 841, 14 P.3d 877 (2000), she must produce "sufficient evidence demonstrating bias, such as personal or pecuniary interest on the part of the decision maker; mere speculation is not enough." In re Pers. Restraint of Haynes, 100 Wn. App. 366, 377 n. 23, 996 P.2d 637 (2000). There is no such evidence.

As to whether she establishes she did not receive a fair trial, Savage relies on non-binding and non-persuasive social science research. We may assume she has found no binding research. DeHeer, 60 Wn.2d at 126.[2]

---

[2] Clarke's response brief requests an award of reasonable attorneys' fees. Although this court has discretion to order a party to pay for the cost of maintaining an appeal and attorney fees under RCW 26.09.140, we do not order Savage to do so here. A party relying on RCW 26.09.140 "must make a showing of need and of the other's ability to pay fees in order to prevail." In re Marriage of Hoseth, 115 Wn. App. 563, 575, 63 P.3d 164 (2003) (quoting Kirshenbaum v. Kirshenbaum, 84 Wn. App. 798, 808, 929 P.2d 1024 (1997). However, in the affidavit of financial

### III.     CONCLUSION

We affirm.

_Díaz, J._

WE CONCUR:

_____, ACJ     _Mann, J._

---

need Clarke filed with this court on October 16, 2025, he identifies a difference in the parties' net monthly income of only $930.  See In re Marriage of Kaplan, 4 Wn. App. 2d 466, 488, 421 P.3d 1046 (2018) (holding that a party failed to establish entitlement to appellate attorney fees where "[e]ach party [was] financially able to pay his or her attorney fees, and neither would be under a critical hardship to do so.").  What's more, Clarke provides no argument for an award beyond claiming he is the prevailing party, noting that he has previously "had to defend" challenges to the court's rulings on appeal and reconsideration, and contending a fee award would "require Ms. Savage to accept the consequences of her litigating strategy." He does not actually claim her appeal is "frivolous" as a basis for fees.  But to the extent he does so implicitly, he has not attempted to explain, let alone shown, that her appeal "presents no debatable issues upon which reasonable minds might differ" so there was "no possibility of reversal."  Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009).