[No. 30064-1-III.   Division Three.   August 9, 2012.]

DEEP WATER BREWING, LLC, ET AL., *Respondents*, v. FAIRWAY
RESOURCES, LTD., ET AL., *Defendants*, JACK A.
JOHNSON ET AL., *Appellants*.

2

*Stephan E. Todd,* for appellants Jack A. Johnson and Key Development Corporation.

*Robert B. Jackson,* for appellant Key Bay Homeowners' Association.

*Paul S. Kube, E. Ross Farr,* and *Julie K. Norton* (of *Ogden Murphy Wallace PLLC*), for respondents.

¶1 KORSMO, C.J. — This appeal concerns the interest on an attorney fees award that was paid following the first appeal of this case. We conclude that (1) absent express limitation or direction, an appellate remand does not limit

a trial court's existing original discretion to set an attorney fees award and (2) an opinion remanding a case must be read in its entirety. As a result, we reverse the trial court in part, affirm on the cross appeal, and deny further attorney fees.

## PROCEDURAL HISTORY

¶2 This is the second time this case has been before this court. In the previous appeal, we affirmed a judgment in favor of Deep Water Brewing LLC and Robert and Roberta Kenagy (collectively Deep Water). *Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 152 Wn. App. 229, 215 P.3d 990 (2009), *review denied*, 168 Wn.2d 1024 (2010). The trial court had also awarded attorney fees of $243,000 and costs of $35,000. Because that award was inadequately documented, this court remanded "for the entry of appropriate findings of fact and conclusions of law to support the award of fees and costs attributable to the Kenagys' claims related to securing a successful recovery." *Id.* at 285.

¶3 Once the Supreme Court denied review, the defendants, Fairway Resources Ltd., Jack Johnson, Key Development Corp., and Key Bay Homeowners' Association (hereafter Fairway), sought to use their supersedeas bond to pay the judgment. Deep Water opposed the effort, but the trial court ultimately permitted it. The judgment was paid, including the attorney fees and costs, except for the interest on the fees and costs award.

¶4 The court also addressed the findings necessitated by this court's remand ruling. The trial court expressed that it was not making "new findings" or exercising any discretion. The trial court explained its understanding of the remand order:

The Court of Appeals simply ordered that this court supplement the record to determine whether or not there were

sufficient facts to support this Court's original attorney's fee award of $243,000 for fees and $35,000 for costs.

Clerk's Papers at 875.

¶5 On April 14, 2011, the trial court issued findings supporting its fees and costs award and calculated interest on the award from the original 2008 judgment date. It declined Deep Water's request to apply a multiplier to the lodestar analysis. The trial court also denied an award of $6,124.00 in attorney fees and costs that Deep Water requested related to its fight over use of the supersedeas bond. The court did award Deep Water just $6,098.00 of the requested $7,443.50 in attorney fees related to the remand period from November 25, 2010 to April 20, 2011.

¶6 Fairway timely appealed the interest start date, and Deep Water cross appealed the denial of the additional fees it had requested.

## ANALYSIS

¶7 The appeal asks us to determine whether the trial court correctly ordered that interest ran from the date of its 2008 judgment rather than its subsequent 2011 order. On cross appeal we are also asked to decide whether the trial court erred in declining to consider Deep Water's request for a 1.5 lodestar multiplier, and whether it likewise erred in declining to award Deep Water additional attorney fees. Both parties request attorney fees on appeal. We address each issue in turn.

### Interest

¶8 Fairway's appeal challenges the start date for interest contained in the remand ruling and requires us to address two questions: (1) what is the effect of a remand order on a trial court's discretionary authority and (2) how are remand orders interpreted? The answers to those two questions present the ultimate question of whether our remand order in *Deep Water* prohibited the trial court from altering the

attorney fees award if it so desired. We conclude that it did not.

¶9 Settled law frames our review of this issue. This court reviews a trial court's award of attorney fees for an abuse of discretion. *Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632 (1998). Nevertheless, the trial court must calculate the fees using the lodestar method of analysis, and it must enter findings of fact and conclusions of law supporting its decision to award fees. *Id.* at 434-35. Such a record is necessary for an appellate court to review the award. *Bentzen v. Demmons*, 68 Wn. App. 339, 350, 842 P.2d 1015 (1993). Where a trial court fails to create the appropriate record, remand for entry of proper findings and conclusions is the appropriate remedy. *Mahler*, 135 Wn.2d at 435.

¶10 Equally settled law governs the question of interest on judgments for attorney fees. The legislature has provided:

> In any case where a court is directed on review to enter judgment on a verdict . . . is wholly or partly affirmed on review, interest on the judgment or on that portion of the judgment affirmed shall date back to and shall accrue from the date the verdict was rendered.

RCW 4.56.110(4).

¶11 Awards that are affirmed on appeal do accrue interest, while those that are reversed do not. *Id.*; *Fisher Props., Inc. v. Arden-Mayfair, Inc.*, 115 Wn.2d 364, 373, 798 P.2d 799 (1990). Where the appellate court has " 'reversed the trial court judgment and directed that a new money judgment be entered,' " interest will run from the new judgment. *Fisher*, 115 Wn.2d at 373 (quoting *Fulle v. Boulevard Excavating, Inc.*, 25 Wn. App. 520, 522, 610 P.2d 387 (1980)). Interest will accrue from the date of the original judgment where the appellate court decision " 'merely modifies the trial court award and the only action necessary in the trial court is compliance with the mandate.' " *Id.* (quoting *Fulle*, 25 Wn. App. at 522). Thus, in cases that are neither affirmed

nor reversed, the issue of postjudgment interest appears to turn largely upon the wording or the effect of the remand order.[1]

¶12  *Fisher*, while not controlling on these facts, is still an instructive case. There the Supreme Court previously had reversed and remanded portions of a judgment pertaining to attorney fees with directions for the trial court " 'to *determine* what portion of Fisher's attorneys' services would have been provided had only the commissive waste claim been raised, and to award only those fees attributable to' " that claim. *Id.* at 374 (quoting *Fisher Props., Inc. v. Arden-Mayfair, Inc.*, 106 Wn.2d 826, 850, 726 P.2d 8 (1986)). Upon remand, the trial court awarded fees only on the successful claim, but it ordered that interest in the second judgment run from the date of the original judgment. In the second appeal, the Supreme Court held that because its order expressly reversed, remanded, and required new findings and a new judgment, interest on the award of attorney fees must run from the date of the second judgment. *Id.* at 374-75. The court also noted that the fact that the trial court awarded the same amount as in its first judgment was irrelevant for purposes of determining whether the trial court had exercised its discretion. *Id.* at 373.[2]

---

[1] The prudent practitioner who is awarded fees, but without the required findings, should go back to the trial court under the authority of RAP 7.2(i) (recognizing trial courts' authority to "act on" fee claims) to obtain findings supporting the original fee award while the appeal is pending. Timely findings avoid reversal of the award and permit postjudgment interest on the fees.

[2] A second informative case involving postjudgment interest is *Hadley v. Maxwell*, 120 Wn. App. 137, 84 P.3d 286 (2004). There a damages award entered in favor of the plaintiff in a negligence action had been reversed and the case remanded for a new trial on liability alone. *Id.* at 139. After the plaintiff again prevailed in the second trial, the trial court awarded interest on the damages award only from the date of the new judgment rather than from the date of the original judgment. *Id.* at 139-40. This court reversed, holding that because the amount of the damages award had been affirmed, it was a liquidated amount as of the date of the original jury verdict and interest should run from that date. *Id.* at 147. The trial court had no ability to alter the damages award.

¶13 In light of the fact that trial courts have discretion[3] to set the amount of attorney fees, we conclude from *Fisher* and its progeny that the trial courts retain that discretion on remand unless expressly limited by the appellate courts or the exercise of discretion would be inconsistent with the ruling on appeal. In other words, the question is whether the remand limited the trial court's exercise of its original discretion. The answer to that question determines whether the court entered a new judgment under its own authority or clarified an old judgment in accordance with the remand order.

¶14 This case was remanded to the trial court for entry of findings and conclusions to support its award of attorney fees. *Deep Water*, 152 Wn. App. at 286. Deep Water argues that the trial court's authority was limited to a simple explanation of its findings and it lacked authority to alter the award.

¶15 We recognize that part of the issue arises from the somewhat inconsistent language of our remand. The beginning of the opinion stated, "We remand for the court to revisit the attorney fees and for entry of necessary findings and conclusion to support any award of attorney fees and costs." *Deep Water*, 152 Wn. App. at 238. This language reads very closely to that used in *Fisher*, as it orders the trial court to *revisit* the attorney fees issue. *See Fisher*, 115 Wn.2d at 374 (holding that use of remand term "determine" required the trial court to enter new findings and exercise discretion rather than simply recalculate).

¶16 Yet at the end of our analysis, we simply stated, "We then remand for the entry of appropriate findings of fact and conclusions of law to support the award of fees and costs attributable to the Kenagys' claims related to securing a successful recovery." *Deep Water*, 152 Wn. App. at 285. Read in isolation, such language is certainly more ambiguous than that used at the beginning of the opinion and lends

---

[3] *Mahler*, 135 Wn.2d at 435.

slight color to the argument that the trial court was merely required to explain, but not alter, its previous judgment.[4] Similar language is used in the summation on the next page: "we remand for findings of fact and conclusions of law on the question of attorney fees and costs and an award of fees." *Id.* at 286.

¶17 We hold that when construing an opinion for purposes of determining the scope of remand, it must be read in its entirety without any particular emphasis. This requirement ensures that the opinion is taken as a whole rather than selectively interpreted. Moreover, requiring this construction ensures against an opinion that may be less than consistent in its direction to the lower court.

¶18 Applying this method removes any doubt as to the outcome of this case. Nothing in the remand order limited the trial court in any manner. Indeed, the inclusion of the word "revisit" in the initial part of our opinion confirms that the trial court both retained its authority to exercise its discretion and was required to enter such findings and conclusions as were necessary to support any award. This reading is consistent with our later, less detailed remand language. Had we intended to limit the trial court to a mere explanation of its prior award, we would have indicated as much by the use of more restrictive language. Given the absence of such a restriction, *Fisher* controls here, and we conclude that the trial court had and exercised discretion upon remand, regardless of its own characterization of its authority.[5]

---

[4] Deep Water argues that this court impliedly affirmed the trial court's award, giving it little discretion. Yet this court could not have affirmed the award since it did not have a sufficient record to review. *Bentzen*, 68 Wn. App. at 350. Such an affirmation would have been advisory at best. The alternative argument that damages were liquidated as a result of the 2008 judgment fails because the trial court retained discretion to alter its calculation upon remand.

[5] The trial court's characterization of its exercise on remand is irrelevant since it is this court that both authorizes the lower court to act on remand and determines the scope of that authority.

¶19 The parties likewise believed that the trial court had discretion to act and behaved accordingly during the remand proceedings. Deep Water, for instance, despite its contrary argument on appeal, asked the court on remand to apply a lodestar multiplier and award it higher fees. It certainly did not believe the trial court lacked discretion to alter the award while it was addressing our remand order.

¶20 Because the trial court had and exercised discretion upon remand, the interest calculation should run from the 2011 judgment. The court erred in concluding otherwise. *Fisher*, 115 Wn.2d at 374-75.

*Cross Appeal*

¶21 Deep Water argues on cross appeal that the trial court abused its discretion in rejecting a 1.5 lodestar multiplier despite its self-described "exhaustive" briefing on the matter. It also contends that the trial court abused its discretion in refusing to grant, without explanation, the entirety of the attorney fees sought in the supersedeas bond and remand arguments. We address each in turn.

¶22 As previously discussed, this court reviews a trial court's award of attorney fees for an abuse of discretion. *Mahler*, 135 Wn.2d at 435. In Washington, the lodestar method is preferred for calculating attorney fees. *Id.* at 433-34. A court using this method multiplies a reasonable attorney rate for the prevailing party by a reasonable number of hours worked and then has discretion, in rare cases, to adjust the product upward or downward. *Id.* at 434. However, adjustments to the lodestar product are both discretionary and rare. *Sanders v. State*, 169 Wn.2d 827, 869, 240 P.3d 120 (2010). This is because the lodestar analysis already contemplates a reasonable attorney rate based upon category of attorney, type of work performed, and other factors. *Mahler*, 135 Wn.2d at 434.

¶23 Here, although the trial court mischaracterized its authority on remand, it did not abuse its discretion in refusing to use the 1.5 multiplier request because the

lodestar analysis it employed already contemplates the attorney's skill and case complexity in arriving at its conclusions. *Id.* Since the trial court correctly employed the lodestar method, Deep Water's argument that it was entitled to a 1.5 multiplier is not compelling. Given that we may affirm on any grounds contained within the record, we reject the argument on that basis. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

¶24 Next, Deep Water contends that the trial court erred in refusing to grant fees relating to the supersedeas bond and also believes the court erred in awarding only $6,098.00 of a requested $7,443.50 for the remand. The main complaint appears to be that the trial court declined the requested awards without explanation, allegedly contrary to this court's instruction on remand.

¶25 However, Deep Water misunderstands this court's remand. We remanded for findings in support of an award in accordance with *Mahler*. Neither our remand order nor *Mahler* requires findings where requested fees are *not* awarded; Deep Water fails to offer any authority to that effect. The only instance where a court is required to explain itself when it declines to award fees is where the amount awarded is substantially less than that requested. *Taliesen Corp. v. Razore Land Co.*, 135 Wn. App. 106, 146, 144 P.3d 1185 (2006). That is not the case here. Therefore, the court was not required to explain itself in denying the fees. *Id.* Accordingly, this argument is also unpersuasive.[6]

### Attorney Fees on Appeal

¶26 Finally, both parties request attorney fees on appeal. We decline to grant either party their requested fees since this action does not relate to enforcement of the contract pursuant to RCW 4.84.330. We recognize that civil litigation is often impassioned. However, there comes a point at

---

[6] We also note that the fees incurred fighting the effort to pay the judgment were self-imposed. The trial court did not err in declining the request to fund a needless fight.

which even the most ardent combatants must lay down their weapons. This case has now exceeded that point, and the parties should bear their respective costs for continuing to do battle.

¶27 Affirmed in part and reversed in part.

KULIK and SIDDOWAY, JJ., concur.