# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

MATT SUROWIECKI, JR. and INEZA
KUCEBA,

    Appellants/Cross Respondents,

v.

HAT ISLAND COMMUNITY
ASSOCIATION, a Washington nonprofit
corporation and homeowners' association,

    Respondent/Cross Appellant.

No. 69519-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 12, 2013

APPELWICK, J. — The homeowners' suit against HICA was dismissed for failure to state a claim. The trial court granted HICA's motion to dismiss and its subsequent motion for attorney fees. The homeowners appealed both orders. HICA cross appealed, arguing that the trial court abused its discretion in awarding fees in an amount less than what it found to be reasonable. We dismiss the untimely appeal of the order dismissing the suit. We affirm that attorney fees are awardable under the statute, but reverse the award of attorney fees and remand for further findings by the trial court.

## FACTS

Matt Surowiecki Jr. and Ineza Kuceba (the homeowners) are members of the Hat Island Community Association (HICA), a nonprofit corporation under chapter 24.03 RCW and a homeowners' association under chapter 64.38 RCW. The homeowners sued HICA to enforce an alleged right of association members to vote at special meetings. HICA moved to dismiss the complaint for failure to state a claim under CR 12(b)(6), based on the lack of authority for the alleged right in either HICA's bylaws or

applicable statutes. The trial court granted HICA's motion to dismiss on September 28, 2012.

HICA subsequently moved for attorney fees under the homeowners' associations act (Act), RCW 64.38.050. The trial court granted HICA's motion on October 17, 2012. But, despite finding that the requested amount of $22,226 was reasonable, the court awarded HICA only $13,500.

On October 31, 2012, the homeowners filed a notice of appeal of both the order granting HICA's motion to dismiss and the order granting HICA's motion for attorney fees. HICA cross appealed, arguing that the trial court abused its discretion when it awarded HICA attorney fees in an amount less than what the court found to be reasonable. HICA also moved to dismiss the homeowners' appeal of the dismissal order, arguing that the appeal was time-barred.

## DISCUSSION

The homeowners argue that their appeal was timely filed. They further contend that the trial court erred in awarding fees under the Act. The homeowners maintain that they did not invoke the Act, and, even if they had, this was not an "appropriate case" under the statute. RCW 64.38.050. HICA counters that the trial court properly awarded fees under the Act, but abused its discretion when it adjusted the lodestar downward after a specific finding of reasonable fees

I.    Timeliness of Appeal

To be timely, an appeal must be filed within 30 days of the trial court's final decision. RAP 5.2(a). Where there are multiple claims for relief and a final judgment does not dispose of all the claims, a party may appeal the judgment only upon the

court's express direction for entry of judgment and determination that there is no just reason for delay. RAP 2.2(d).

The homeowners appealed the order dismissing their claims 33 days after its entry. They rely on RAP 2.2(d) to assert that the dismissal order did not grant relief on all of HICA's claims and thus did not constitute a final order. According to the homeowners, HICA's multiple claims were its motion to dismiss and its request for attorney fees. Because the dismissal order granted relief on only the former and left the latter unresolved, the homeowners contend that the 30 day clock did not begin to run until judgment was entered on November 14, 2012.

The homeowners are correct that RAP 2.2(d)'s general effect is to postpone an appeal where additional claims for relief are still pending. However, other court rules clarify that claims for attorney fees are treated differently than typical pending claims. RAP 2.2(a)(1) allows a party to appeal a final judgment of any proceedings, regardless of whether the judgment reserves for future determination an award of attorney fees or costs. RAP 2.4(b) explicitly notes that, where a party timely appeals an award of attorney fees, it does not bring up for review an earlier decision on the merits unless timely notice of appeal was filed on <u>that</u> decision. By characterizing HICA's request for attorney fees as an independent claim on the merits, the homeowners ignore the contrary characterization of such requests in the court rules.

The homeowners' stance also conflicts with this court's treatment of appeals involving attorney fees. <u>Carrara, LLC v. Ron & E Enters., Inc.</u>, 137 Wn. App. 822, 155 P.3d 161 (2007) is on point. There, the trial court granted summary judgment against the appellant on July 8, 2005, and awarded attorney fees to the respondent on

3

September 22. Id. at 824. The appellant appealed both decisions on October 21, timely for the order granting fees but more than three months after the order granting summary judgment. Id. at 824-25. The appeal of the summary judgment order was thus time-barred. Id. at 824. Similarly, in Bushong v. Wilsbach, this court found that the appellant was precluded from challenging the legal basis of an attorney fee award where she failed to timely appeal the earlier judgments establishing that award's legal basis. 151 Wn. App. 373, 377, 213 P.3d 42 (2009). The theme in both cases was clear: "[C]ounsel should appeal from the judgment on the merits, even if the issue of attorney fees is still pending." 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.4 author's cmts. at 220 (7th ed. 2011).[1] The appeal is time-barred.

## II.    Attorney Fees

We review questions of law de novo. Wilson Court Ltd. v. Tony Maroni's, Inc., 134 Wn.2d 692, 698, 952 P.2d 590 (1998). Where the parties dispute a legal conclusion resulting from the facts, and not the facts themselves, we decide the issue as a matter of law. Blueberry Place Homeowners Ass'n v. Northward Homes, Inc., 126 Wn. App. 352, 358, 110 P.3d 1145 (2005). Pleadings are meant to facilitate proper decision on the merits, not create formal impediments, and courts should construe them liberally. State v. Adams, 107 Wn.2d 611, 620, 732 P.2d 149 (1987).

---

[1] The homeowners argue that Carrara and Bushong do not apply. To distinguish the present case, they point to HICA's motion for entry of final judgment, filed November 1, 2012. Because neither Carrara nor Bushong involved such a motion "to conclude the proceedings," the homeowners maintain that the cases do not control. This misconstrues the nature of the motion and the judgment itself: attorney fees. Under RAP 2.4(b) and the relevant case law, a pending attorney fee award will not extend an appeal's 30 day clock.

While the homeowners do not dispute that the Act applies to HICA, they argue that they brought their claim solely under the bylaws and not the statute. However, this characterization of their claim is too narrow. In their complaint, the homeowners specifically acknowledge that "[t]he authority of HICA to act and conduct its business is derived from and governed by [c]hapter 24.03 RCW and [c]hapter 64.38 RCW." (Emphasis added.) The complaint goes on to request attorney fees "as allowed by law." This was sufficient to invoke the statute.

The homeowners also challenge the court's authority to award attorney fees on these facts. They contend that purpose of the Act's fee-shifting provision is to discourage frivolous litigation, and, because the trial court found no frivolity, this case is inappropriate for attorney fees. The Act authorizes the court, in an appropriate case, to award reasonable attorney fees to the prevailing party. RCW 64.38.050. Under the Act, the trial court has discretion as to what is an "appropriate case." Roats v. Blakely Island Maint. Comm'n, Inc., 169 Wn. App. 263, 284, 279 P.3d 943 (2012). This court will not disturb a trial court's decision to grant or deny attorney fees in the absence of an abuse of discretion. Id. 283-84. A trial court abuses its discretion if its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. Id. at 284.

The fee-shifting provisions certainly exist in part to encourage meritorious litigation. See Eagle Point Condo. Owners Ass'n v. Coy, 102 Wn. App. 697, 713, 9 P.3d 898 (2000). However, neither the statute nor the case law limits an appropriate case to only frivolous cases. The homeowners make no convincing argument that the decision was an abuse of discretion. We find none.

5

The question remains whether the trial court properly adjusted the lodestar fee downward after a specific finding of reasonable fees. We review a trial court's decision on fees for abuse of discretion. See Schmidt v. Cornerstone Invs., Inc., 115 Wn.2d 148, 169, 795 P.2d 1143 (1990). As a general rule, Washington courts calculate reasonable attorney fees based on the lodestar method. Mahler v. Szucs, 135 Wn.2d 398, 433, 957 P.2d 632 (1998). Under this method, the court evaluates whether counsel spent a reasonable number of hours—excluding any wasteful or duplicative hours and any hours pertaining to unsuccessful claims—and whether counsel billed a reasonable rate. Id. at 434. Courts must take an active role in determining reasonableness, and develop an adequate record upon which to review a fee award. Id. at 434-35. Findings of fact and conclusions of law are required to establish such a record. Id. at 435. The lodestar is the presumptive measure of a reasonable attorney fee award. Chuong Van Pham v. Seattle City Light, 159 Wn.2d 527, 542, 151 P.3d 976 (2007).

The Lodestar fee, in rare instances may be adjusted upward or downward in the trial court's discretion. Mahler, 135 Wn.2d at 434. These adjustments, often referred to as multipliers, have been recognized where certain factors are present. See, e.g., Wash. State Commc'n Access Project v. Regal Cinemas, Inc., 173 Wn. App. 174, 221, 293 P.3d 413 (2013) (contingent risk), review denied, ___ Wn.2d ___, 308 P.3d 643 (2013); Bloor v. Fritz, 143 Wn. App. 718, 750-51, 180 P.3d 805 (2008) (novelty and complexity). Such adjustments are discretionary and rare. Sanders v. State, 169 Wn.2d 827, 869, 240 P.3d 120 (2010). This is because the lodestar analysis already contemplates a reasonable fee based on the work performed. Deep Water Brewing, LLC v. Fairway Resources, Ltd., 170 Wn. App. 1, 10, 282 P.3d 146 (2012).

6

Here, the court performed a lodestar calculation and expressly arrived at a reasonable fee. HICA provided detailed information about the nature and extent of its attorneys' work, ultimately requesting $22,266. The trial court did not disapprove of or adjust the hourly rate. It did not discount the hours worked. Rather, the trial court explicitly stated that $22,266 represented a reasonable attorney fee.

The court then reduced the amount of the award to $13,500. The basis for this adjustment to the lodestar is unclear. It was inconsistent with the court's explicit finding of the reasonableness of the hours worked and hourly rate. The court made only a brief comment that it did not find the homeowners' claims frivolous and that it was exercising its discretion. If the court's intent was to disapprove of the hours worked, it needed to do so during the initial lodestar calculation. If the court had a legitimate basis for a downward multiplier in mind, findings were required. None were made. This was an abuse of discretion.

We dismiss the untimely appeal of the order dismissing the suit. We affirm that attorney fees are awardable under the statute, but reverse the award of attorney fees and remand for further findings by the trial court.

WE CONCUR: