**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| SUSAN WOHLLEBEN, | No.  58525-1-II |
| Appellant, | |
| v. | |
| JOAN JAHNSEN and JAMES JAHNSEN, SR., a married couple; and JORDAN DUNCAN and CORRINE DUNCAN, a married couple, | UNPUBLISHED OPINION |
| Respondents. | |

PRICE, J. — Susan Wohlleben appeals the superior court's order granting summary judgment in favor of Joan and James Jahnsen and dismissing her adverse possession claim related to a kitchen landing adjoining her house.  Wohlleben argues that the existence of this structure establishes an encroachment on the Jahnsens' property sufficient to establish adverse possession. Wohlleben also raises several issues related to attorney fees awarded by the superior court.  And both parties request attorney fees on appeal.  We affirm the superior court's order on summary judgment and the amount of attorney fees.  However, we reverse the superior court's order granting the Jahnsens interest on attorney fees accruing from the date of the original award and remand for further proceedings consistent with this opinion.  We also grant the Jahnsens' request for attorney fees on appeal, and deny Wohlleben's request for attorney fees on appeal.

FACTS

I. BACKGROUND

In 2017, Wohlleben purchased her house from the Estate of Aliz Nelson. Nelson had lived at the property since 1966. Since 2018, the Jahnsens have lived on the property immediately to the north.

Wohlleben's house is located at the intersection of two streets, Pennsylvania Avenue on the east and St. Helens Avenue on the west. The Jahnsen property has a driveway to their house from Pennsylvania Avenue. Wohlleben's house can be accessed from a driveway off St. Helens Avenue, but the driveways intersect on Wohlleben's property such that both driveways could provide access to Wohlleben's property. Adjacent to Wohlleben's house is a red, 16-foot-wide, concrete kitchen landing north of her house that extends into the Jahnsens' property (https://perma.cc/86X5-MSRS).

When Wohlleben purchased the property, she was under the impression that she would be able to use both driveways. However, the Jahnsens' predecessors would not permit Wohlleben to use their driveway off Pennsylvania Avenue, causing Wohlleben to only have access to her house from St. Helens Avenue. After the Jahnsens purchased the northern property in 2018, they continued to decline to let Wohlleben use the Pennsylvania Avenue driveway. Wohlleben eventually learned that the kitchen landing and some shrubs that she initially believed were on her property extended over the Jahnsens' property line by about 1.5 feet.

No. 58525-1-II

II.  WOHLLEBEN'S LAWSUIT, SUMMARY JUDGMENT, AND APPEAL

After Wohlleben and the Jahnsens were unable to resolve their dispute over the use of the driveway, Wohlleben filed a quiet title action asserting claims for adverse possession and a prescriptive easement. *Wohlleben v. Jahnsen*, No. 56591-9-II, slip op. at 4 (unpublished) (Wash. Ct. App. Mar. 7, 2023).[1]  The Jahnsens filed counterclaims against Wohlleben.  *Id.*

The superior court rejected Wohlleben's arguments and dismissed her claims.  The Jahnsens stipulated to dismissal of their counterclaims.  *Id.* at 6, 9, 11.  The superior court awarded the Jahnsens $29,219.43 for attorney fees.[2]  *Id.* at 10.

Wohlleben paid the $29,219.43 into the court registry, and the parties stipulated the court clerk should "hold the funds as a bond to supersede the [j]udgment previously entered in this case . . . ."  Clerk's Papers (CP) at 657.  The stipulated notice also stated, "The funds shall be held pending trial of [d]efendants' unresolved claims and appeal of the [c]ourt's rulings on summary judgment and motion for easement reformation and thereafter until dispersed pursuant to further order of the [c]ourt or by agreement of the parties."  CP at 658.

On appeal, this court affirmed dismissal of all of Wohlleben's claims, except for the adverse possession claim related to the kitchen landing.  *Wholleben*, slip op. at 23.  As to the

---

[1] https://www.courts.wa.gov/opinions/pdf/D2%2056591-9-II%20Unpublished%20Opinion.pdf.

[2] The superior court awarded the attorney fees as part of its order on summary judgment.  There is no judgment summary in the record before this court, but both parties characterize the order as a "judgment" and only dispute whether the judgment should have accrued interest.  *See* Appellant Opening Br. at 7 ("Does interest run on a judgment that was paid by tender into court and then partially reversed on appeal?"); Br. of Resp't at 59-60 ("In sum, Petitioner's arguments creating the term 'preliminary judgment' out of thin air, or alternatively arguing there was no judgment entered in this case, are completely meritless.  The judgment was entered in January of 2020."); Appellant Reply Br. at 16 ("Therefore, no prejudgment interest should be awarded in cases where a judgment is reversed for the purpose of ascertaining or recalculating a judgment amount.").

3

adverse possession claim related to the kitchen landing, this court explained the existence of a structure on another's property created genuine issues of material fact regarding the elements of adverse possession:

> Here, as in *Draszt* [*v. Naccarato*, 146 Wn. App. 536, 192 P.3d 921 (2008)], *Shelton* [*v. Strickland*, 106 Wn. App. 45, 51, 21 P.3d 1179 (2001)], and *Reitz* [*v. Knight*, 62 Wn. App. 575, 814 P.2d 1212 (1991)], the kitchen landing physically occupied a strip of Jahnsen[s'] property. The undisputed evidence was that the kitchen landing extended a foot and a half onto Jahnsen[s'] property for a distance of 16 feet down the driveway. And the landing was connected to Wohlleben's house. Further, there is at least an inference that the landing has been in that place for far more than 10 years. As a result, we conclude that questions of facts exist regarding each of the elements of adverse possession.

*Id.* at 14. This court determined that because summary judgment on the adverse possession claim to the kitchen landing was improper, the Jahnsens were not entitled to attorney fees on that specific claim until a prevailing party was determined. *Id.* at 21. This court remanded "for further proceedings on the adverse possession claim regarding the kitchen landing and to recalculate the award of attorney fees." *Id.* at 23.[3]

III. ADVERSE POSSESSION CLAIM DISMISSED ON REMAND

On remand, the Jahnsens provided additional evidence about the historic use of the landing by Nelson (Wohlleben's predecessor). Harry Green, the Jahnsens' predecessor, explained,

> [Nelson] made no use of this 1 ½ foot wide rectangular strip of concrete . . . . She didn't place objects on that strip. I never saw her walking on it. That flat strip of concrete just sat there with no apparent or obvious human activity taking place on it [while he] liv[ed] at this home. That strip of concrete was definitely not occupied or possessed by anyone.

---

[3] A later order by a commissioner of this court determined that any attorney fees devoted to issues that merely overlapped with the kitchen landing issue should not be reduced from the fee award. Ruling on Attorney Fees and Costs, *Wohlleben v. Jahnsen*, No. 56591-9-II (May 9, 2023).

. . . [Nelson] never asserted ownership or exercised control of the northern strip of that pad and neither did I. [Nelson] didn't exclude us from using that strip of concrete. It was a non-issue.

CP at 1010. Nelson's son also submitted a declaration and made similar statements. He explained that Nelson "did not . . . use the [concrete] landing pad area for much other than to access her garden area adjacent to it (and did not step very much on the 1.5 foot by 20 foot strip adjoining the [neighbors'] driveway)." CP at 1007. He additionally stated that his mother "did not make regular use of the concrete pad/landing." CP at 1007.

Based on this additional evidence, the Jahnsens filed another motion for summary judgment. Wohlleben cross-moved for summary judgment, arguing that the existence of the kitchen landing structure was sufficient to establish adverse possession as a matter of law. The superior court granted the Jahnsens' motion for summary judgment and dismissed Wohlleben's adverse possession claim regarding the kitchen landing. The superior court awarded attorney fees to the Jahnsens for again defending the adverse possession claim to the kitchen landing.

IV. PROCEEDINGS RELATED TO ORIGINAL ATTORNEY FEES

On remand, the superior court addressed two issues related to the original attorney fee award. First, the superior court addressed how to reduce the original attorney fee award in light of this court's opinion reversing summary judgment on the claim for adverse possession of the kitchen landing.

The Jahnsens' attorney proposed a five percent reduction of the original award arguing that the kitchen landing was not a significant issue in the original proceedings and the attorney had spent very little time dedicated to that issue. In response, Wohlleben's attorney suggested that it was difficult to know exactly how much time was spent on the kitchen landing issue because the

5

adverse possession claim had initially been treated as a single claim, and he argued that an award would likely implicate overlapping and offsetting fees if Wohlleben ultimately prevailed on the kitchen landing claim. However, notwithstanding Wohlleben's attorney's recognition that the superior court had a great deal of discretion, he claimed that a five percent reduction was inadequate. Wohlleben's attorney suggested that one way to calculate the correct amount of the fees was for the court to conduct its own lodestar analysis based on the previously submitted information.

The Jahnsens' attorney replied by reiterating that no significant time was devoted to the kitchen landing issue and that because a lodestar analysis had already been done for the original award of fees, another lodestar analysis was unnecessary.

The superior court agreed with the Jahnsens' attorney's proposed five percent reduction based on its experience with the case, as well as this court's ruling on overlapping fees:

> All right. I'm going to grant the [five] percent reduction. I accept [the Jahnsens' counsel]'s calculations here.
>
> This case dealt with a number of different issues: The adverse possession of the hedge, the adverse possession of the landing, the prescriptive easement, the reformation of the deed, and the restriction on the use.
>
> And as far as the documents that I saw, the arguments that we had in court, all of the issues that we addressed, the landing was a miniscule part of that.
>
> And then you also get to the—you have to deal with the fact that we're dealing with adverse possession having to do with the use of these things, all of that—those issues overlapped. And so all of this had to be prepared and the defendants were required to go through all of that information for the adverse possession of the hedge, the restrictive easement, all of those things were related.
>
> And in looking at the Court of Appeals order on the fees—and this has to do with, again, the overlapping tasks—you know, part of it was for the adverse possession of the hedge. Part of it was for the prescriptive easement. Part of it was for this landing. Those have overlapped.

6

> The Court of Appeals said, "With respect to Wohlleben's objection that they are billing for overlapping tasks, often, research and writing time can cover more than the one issue and because the time spent was still necessary for the full development [of] the allowed issue, this Court sees no reason to reduce the fees for this reason."

> Then it says, "Similarly, because both the hedge row and landing arguments were based on adverse possession principles, there will be overlaps in time spent on these issues, which this Court declines to reduce."

> So the Court of Appeals—I accept that same logic that the Court of Appeals used on these things. I think that the [five] percent reduction more than adequately takes into account that issue.

Verbatim Rep. of Proc. (VRP) (June 30, 2023) at 15-17.

Second, the superior court addressed whether the judgment on the new amount of attorney fees should include statutory interest (12 percent per year) from the date of the original judgment. Wohlleben argued that because she satisfied the judgment by paying the full amount into the registry of the court clerk, adding statutory interest was not appropriate. Alternatively, Wohlleben argued that if the superior court did not consider the prior judgment satisfied, then the amount of attorney fees was not liquidated and the superior court could not impose prejudgment interest. The superior court disagreed that simply paying money into the court registry was sufficient to satisfy the judgment. Therefore, it decided that the judgment was still accruing interest at the statutory rate of 12 percent.

The superior court reduced the original award of $29,291.43 by 5 percent for a total of $27,830.45. The superior court then calculated that 12 percent interest per year on the $27,830.45 was $278.30 per month accrued over 41 months (February 2020-July 2023) for a total of $11,410.30 in interest. In addition to the attorney fees awarded in this court, the total award based on the original judgment (excluding attorney fees related to the kitchen landing) was $52,992.67.

The superior court ordered the amount in the court registry, $29,260.14, to be distributed to the Jahnsens' counsel. And the superior court ordered Wohlleben to pay the remaining amount of $23,732.53.

Wohlleben appeals

ANALYSIS

I. ADVERSE POSSESSION OF KITCHEN LANDING

Wohlleben argues the superior court erred when it granted the Jahnsens' motion for summary judgment and denied her motion for summary judgment. We affirm the superior court.

We review a superior court's decision on a summary judgment motion de novo. *Sartin v. Estate of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020), *review denied*, 196 Wn.2d 1046 (2021). We view all the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c).

> The party moving for summary judgment bears the initial burden to show there is no genuine issue of material fact. A moving defendant can meet this burden by demonstrating the plaintiff cannot support his claim with any evidence. After the defendant has made such a showing, the burden shifts to the plaintiff to present specific facts that reveal a genuine issue of material fact. Summary judgment is appropriate if a plaintiff fails to show sufficient evidence that creates a question of fact about an essential element on which he or she will have the burden of proof at trial.

*Sartin*, 15 Wn. App. 2d at 172 (citations omitted).

To establish a claim of adverse possession, the party claiming adverse possession "must prove [their] possession was actual and uninterrupted, open and notorious, hostile, and exclusive" for the statutory period. *Draszt*, 146 Wn. App. at 542; RCW 4.16.020. "The nature of the possession will be determined on the basis of the manner in which the possessor treats the

property." *Shelton*, 106 Wn. App. at 50; *see also Reitz*, 62 Wn. App. at 581 ("For purposes of an adverse possession claim, the nature of possession is determined by the manner in which the parties treated the land, not by their subjective belief regarding their true interests in the land."). "The construction and maintenance of a structure partially on the land of another almost necessarily is exclusive, actual and uninterrupted, open and notorious, hostile and made under a claim of right." *Draszt*, 146 Wn. App. at 542; *see also Shelton*, 106 Wn. App. at 51; *Reitz*, 62 Wn. App. at 582.

As we recognized in our prior opinion, the kitchen landing is a structure that encroaches on the Jahnsens' property and, therefore, unlike her other claims, there was a genuine issue of material fact as to whether Wohlleben could establish her claim of adverse possession. *Wohlleben*, slip op. at 12. However, simply showing a structure encroached on the property, without establishing possession of that structure, is not sufficient to establish adverse possession. *See Draszt*, 146 Wn. App. at 539-40 (encroaching building had been continuously used as a farmer's market for statutory period); *Shelton*, 106 Wn. App. at 48-49, 52 (encroaching shed had been used as potting shed, painting studio, and an office); *Reitz,* 62 Wn. App. at 582-83 (property under encroaching eaves of house had been landscaped and maintained). Although a structure may be a strong indicator of possession, it is not, by itself, enough.

Here, the Jahnsens established there was no genuine issue of material fact as to whether Nelson possessed the kitchen landing because they presented undisputed evidence that Nelson did not use the kitchen landing or maintain it during the statutory time period. Wohlleben failed to meet her burden to establish a genuine issue of material fact because she did not present any evidence establishing possession of the kitchen landing besides the mere existence of the kitchen landing itself. Therefore, the superior court properly granted the Jahnsens' motion for summary

judgment and denied Wohlleben's motion for summary judgment. Thus, we affirm the superior court's order on the motions for summary judgment.

## II. ATTORNEY FEES REDUCTION ON REMAND

Wohlleben next argues the superior court erred in its reduction of the Jahnsens' attorney fee award that this court ordered. We disagree.

We review the reasonableness of an attorney fees award for abuse of discretion. *Park Place Motors, Ltd. v. Elite Cornerstone Constr., LLC*, 18 Wn. App. 2d 748, 753, 493 P.3d 136 (2021). "To reverse an attorney fee award, we must find the trial court exercised its discretion on untenable grounds or for untenable reasons." *Miller v. Kenny*, 180 Wn. App. 772, 820, 325 P.3d 278 (2014).

Here, the superior court based its decision to reduce the award of attorney fees by five percent on its previous attorney fee award calculation (which was based on a lodestar analysis), its personal knowledge of the issues argued and materials submitted, and the obviously extensive overlap of the issues in the case. Based on this information, it was not unreasonable for the superior court to determine that a five percent reduction in fees was adequate to account for the limited issue regarding the kitchen landing. Accordingly, the superior court did not abuse its discretion in determining the amount of attorney fees.

## III. INTEREST ON ATTORNEY FEES

Wohlleben argues the superior court erred in awarding the Jahnsens interest on the attorney fees from the date of the original judgment. We agree.

Although Wohlleben frames this issue as whether the superior court erred by awarding prejudgment interest, the relevant inquiry is whether, after appeal, interest ran from the date of the original judgment or from the date of the new judgment entered after remand. "Awards that are

affirmed on appeal do accrue interest, while those that are reversed do not." *Deep Water Brewing, LLC v. Fairway Resources, Ltd.*, 170 Wn. App. 1, 6, 282 P.3d 146 (2012). When the appellate court reverses the superior court judgment and directs that a new judgment be entered, interest runs from the date of the new judgment. *Id.* at 6-7. However, when an appellate court "merely modifies the trial court award and the only action necessary in the trial court is compliance with the mandate," interest will accrue from the date of the original judgment. *Fisher Props., Inc. v. Arden-Mayfair, Inc.*, 115 Wn.2d 364, 373, 798 P.2d 799 (1990).

When an appellate court neither affirms nor reverses a judgment, whether interest accrues from the date of the original judgment or the date of the new judgment depends on the specific language remanding the case to the trial court. *Deep Water Brewing*, 170 Wn. App. at 7. In *Fisher Properties*, our Supreme Court reversed judgment on some claims and affirmed on others. 115 Wn.2d at 374. Our Supreme Court remanded the case back to the superior court to determine what portion of attorney fees should be awarded based only on the successful claims. *Id.* 374-75. On appeal following remand, our Supreme Court held that interest should accrue from the date of the new judgment because the original judgment had been reversed and the superior court was required to enter new findings and a new judgment. *Id.*

In *Deep Water Brewing*, Division Three of this court reached the same conclusion in a case involving a remand of a judgment. 170 Wn. App. at 10. In the first appeal, Division Three remanded to the superior court to enter findings and conclusions supporting its award of attorney fees. *Id.* at 9. Although Division Three recognized some language in its opinion could be read narrowly to limit the superior court's discretion only to enter findings and conclusions supporting its award, when read as a whole, nothing in the opinion limited the superior court's discretion to

11

modify its attorney fee award on remand. *Id.* at 9-10. Because the superior court had discretion and entered a new judgment on remand, Division Three determined that interest should run from the date of the new judgment. *Id.* at 10.

Here, the Jahnsens argue that the superior court simply reduced the attorney fees by a simple mathematical computation as instructed by this court following appeal. In other words, the Jahnsens appear to argue that the superior court did nothing but modify its original order consistent with this court's mandate. We disagree.

In the first appeal, this court affirmed "all of the trial court's orders except for the summary judgment order on the adverse possession claim regarding the kitchen landing and the award of attorney fees for that claim." *Wohlleben*, slip op. at *1. This court remanded to the superior court "to recalculate the award of attorney fees." *Id.* In this court's analysis, attorney fees based on the kitchen landing claim could not be awarded under either statutory ground claimed by the Jahnsens. *Id.* Read as a whole, this court's opinion reversed the award of attorney fees based on the kitchen landing claim and left it to the discretion of the superior court to enter a new attorney fees award.

Because this court reversed the award of attorney fees related to the kitchen landing and left the superior court with discretion to recalculate attorney fees, the superior court exercised its discretion and entered a new judgment regarding attorney fees on remand. Thus, applying the principles of *Fisher Properties* and *Deep Water Brewing*, interest was required to run from the date of the new judgment; awarding interest from the date of the original judgment was error. Accordingly, we remand to the superior court to award interest from the date of entry of the judgment recalculating attorney fees following remand from this court's first opinion.

IV. ATTORNEY FEES ON APPEAL

Both parties request attorney fees on appeal. We grant the Jahnsens' request for attorney fees on appeal and deny Wohlleben's request for attorney fees on appeal.

RAP 18.1 grants us the ability to award attorney fees if applicable law allows. Attorney fees may be awarded on appeal only when authorized by a contract, a statute, or a recognized ground of equity. *Labriola v. Pollard Grp., Inc.*, 152 Wn.2d 828, 839, 100 P.3d 791 (2004). For cases involving claims of adverse possession, RCW 7.28.083(3) allows us to grant attorney fees to the prevailing party when doing so would be equitable and just.

Here, the Jahnsens prevailed on the adverse possession claim. And after consideration of the entire record, we determine that it is just and equitable to grant the Jahnsens' request for attorney fees on appeal and deny Wohlleben her request for attorney fees on appeal.

CONCLUSION

The superior court properly granted the Jahnsens' motion for summary judgment and denied Wohlleben's motion for summary judgment. Further, the superior court did not abuse its discretion by reducing the original attorney fee award by five percent. However, interest should have been ordered to run from the date of the judgment awarding attorney fees following remand, therefore, we reverse the superior court's order and remand to the superior court to recalculate interest consistent with this opinion. Finally, we grant the Jahnsens' request for attorney fees on appeal and deny Wohlleben's request for attorney fees on appeal.

No. 58525-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

CHE, J.