# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 87669-4-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CHRISTOPHER HOWARD CONKLIN, | |
| Respondent. | |

FELDMAN, J. — The State appeals from a trial court order vacating two of Christopher Conklin's assault convictions. Because the trial court correctly vacated those convictions in accordance with the appellate mandate from Conklin's prior appeal, we affirm.

I

A jury convicted Conklin of two counts of assault in the first degree, one count of burglary in the first degree, two counts of kidnapping in the first degree, and one count of unlawful possession of a firearm in the second degree. Conklin appealed to Division Two, which transferred the matter to Division One for resolution.

On appeal, Conklin challenged his convictions on multiple grounds, and the State largely conceded error. Summarizing the import of the State's concessions, the Court of Appeals' opinion states:

> We accept the State's concessions as to instructional, evidentiary, and sentencing errors on all convictions except for unlawful possession of a firearm in the second degree and the imposition for the DNA fee at sentencing.  Accordingly, *we remand for the trial court to vacate the erroneous convictions, resentence Conklin on the remaining charge*, and determine whether the DNA fee is proper.

*State v. Conklin*, No. 84634-5-I, slip op. at 1 (Wash. Ct. App. May 8, 2022) (unpublished) (emphasis added), https://www.courts.wa.gov/opinions/pdf/846345.pdf.  The State subsequently contested the court's mandate in a motion for reconsideration, which the Court of Appeals denied, and a petition for review, which the Supreme Court denied.  *State v. Conklin,* 2 Wn.3d 1005, 537 P.3d 1038 (2023).

On remand, the State asked the trial court to "vacate and dismiss [Conklin's] convictions for kidnapping in the first degree, burglary in the first degree, and to re-sentence him on two counts of assault."  The trial court rejected that request; it ruled it was "bound by the appellate decisions" and therefore did not "have authority to do what the State is asking."  Instead, the court vacated the two kidnapping convictions, the burglary conviction, and the two assault convictions and resentenced Conklin to 43 months of confinement for the remaining conviction for unlawful possession of a firearm.[1]

This time, the State appealed, again to Division Two, which again transferred the matter to Division One for resolution.

---

[1] The trial court also merged Conklin's convictions for kidnapping in the first degree with his convictions for assault in the first degree.  Because the State concedes that the trial "properly" merged those convictions as required by the appellate mandate, we need not discuss this issue further.

II

The State argues the trial court erred in vacating Conklin's two assault convictions on remand. Specifically, the State asserts that the "mandate was silent on the status of Conklin's convictions for assault in the first degree and thus did not require the trial court to vacate those convictions." We disagree.

To properly construe the appellate mandate, we apply well-established rules of construction. An appellate mandate "must be strictly followed and carried into effect according to its true intent and meaning, as determined by the directions given by [the appellate] court." *Ethredge v. Diamond Drill Contracting Co.*, 200 Wash. 273, 276, 93 P.2d 324 (1939). "[W]hen construing an opinion for purposes of determining the scope of remand, it must be read in its entirety without any particular emphasis. This requirement ensures that the opinion is taken as a whole rather than selectively interpreted." *Deep Water Brewing, LLC v. Fairway Res.*, 170 Wn. App. 1, 9, 282 P.3d 146 (2012). While we "review a trial court's interpretation of case law de novo," *State v. Willis*, 151 Wn.2d 255, 261, 87 P.3d 1164 (2004), "[w]e review the trial court's compliance" with an appellate mandate "for an abuse of discretion," *Kruger-Willis v. Hoffenburg*, 198 Wn. App. 408, 414, 393 P.3d 844 (2017).[2]

---

[2] Addressing the applicable standard of review, the State argues, "While a trial court's decision to vacate a conviction is ordinarily reviewed for an abuse of discretion, a claim of constitutional error underlying that decision is reviewed de novo." It then broadly asserts that equal protection and double jeopardy principles are "implicated" by the trial court's decision. We do not address these constitutional arguments here because the State cites no authority establishing that it has standing to seek relief based on a defendant's alleged equal protection and double jeopardy rights. *See State v. Loos*, 14 Wn. App. 2d 748, 758, 473 P.3d 1229 (2020) ("When a party provides no citation to support an argument, this court will assume that counsel, after diligent search, has found none."). In any event, our holding would be the same on either standard of review.

Applying these rules of construction here, the trial court correctly vacated the two assault convictions. The mandate (quoted above) directs the trial court to vacate Conklin's erroneous convictions and clearly indicates that Conklin's conviction for unlawful possession of a firearm is the only conviction not subject to error. *Conklin*, No. 84634-5-I, at 1. It follows that all of Conklin's convictions, except for unlawful possession of a firearm, should be vacated. This includes Conklin's assault convictions. Moreover, the opinion specifically directs the trial court to resentence Conklin on his "remaining charge" as opposed to his "remaining charges." *Id.* Consistent with this mandate, the trial court vacated the kidnapping, burglary, and assault convictions and resentenced Conklin on the "remaining charge" of unlawful possession of a firearm. The State's contrary argument misinterprets the mandate.[3]

It is equally clear that the trial court did not have discretion to contradict the mandate. The law of the case doctrine dictates that "[a]n appellate court's mandate is binding on the lower court and must be strictly followed." *Bank of Am., N.A. v. Owens*, 177 Wn. App. 181, 189, 311 P.3d 594 (2013). This doctrine "forbids . . . a lower court from relitigating issues that were decided by a higher court." *Lodis v. Corbis Holdings, Inc.*, 192 Wn. App. 30, 56, 366 P.3d 1246 (2015). "While a remand 'for further proceedings' 'signals this court's expectation that the trial court will exercise its discretion to decide any issue necessary to resolve the case,' the trial court cannot ignore the appellate court's specific holdings and directions

---

[3] For example, the State acknowledges in its opening brief "that Division One's opinion elsewhere states that Conklin should be resentenced on one remaining charge," but notes, "However, this language is not included in the mandate/directions to the trial court." In so arguing, the State fails to read the opinion "in its entirety without any particular emphasis," as required by controlling precedent. *See Deep Water Brewing*, 170 Wn. App. at 9 (quoted and discussed above).

on remand." *Owens*, 177 Wn. App. at 189 (quoting *In re Marriage of Rockwell*, 157 Wn. App. 449, 453-54, 238 P.3d 1184 (2010) (footnote omitted)). "The doctrine serves to 'promote[] the finality and efficiency of the judicial process by protecting against the agitation of settled issues.'" *State v. Harrison*, 148 Wn.2d 550, 562, 61 P.3d 1104 (2003) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)).

The State recognizes the law of the case doctrine, but attempts to avoid the doctrine based on *State v. Schwab*, 134 Wn. App. 635, 141 P.3d 658 (2006), *aff'd*, 163 Wn.2d 664, 185 P.3d 1151 (2008). The State's reliance on *Schwab* is misplaced. As the State notes, the Court of Appeals in *Schwab* reasoned that its remand "for further lawful proceedings" gave the trial court the power to revisit the appellate court's prior holding in that case. *Id.* at 645. But the State inexplicably ignores the Supreme Court's opinion in *Schwab*, which expressly disagreed with the foregoing holding because "[o]nly an *appellate* court could revisit [the prior holding]." 163 Wn.2d at 677. Moreover, unlike the appellate mandate in *Schwab*, the opinion in Conklin's previous appeal did not remand the matter for further proceedings without providing additional direction. As discussed above, the opinion specifically instructs the trial court to "vacate the erroneous convictions" and "resentence Conklin on the remaining charge." *Conklin*, No. 84634-5-I, slip op. at 1. Unlike the trial court in *Schwab*, the trial court here had no purported discretion to revisit controlling precedent or otherwise contradict the appellate mandate.

Lastly, the State claims the trial court had discretion to resentence Conklin on his assault convictions because its failure to do so resulted in manifest injustice.

5

While appellate courts have discretion to reconsider an earlier decision in the same case if the decision is "clearly erroneous and . . . would result in manifest injustice," *State v. Clark*, 143 Wn.2d 731, 745, 24 P.3d 1006 (2001), trial courts have no such discretion. "The plain language of RAP 2.5(c)(2) indicates that only an appellate court can revisit an earlier appellate decision in the same case." *Schwab,* 163 Wn.2d at 676. Thus, contrary to the State's argument, the trial court could not properly contradict the appellate mandate based on manifest injustice. And the State does not argue that we should revisit the opinion in Conklin's prior appeal based on manifest injustice under RAP 2.5(c)(2), so that argument is waived. *See Christian v. Tohmeh*, 191 Wn. App. 709, 727-28, 366 P.3d 16 (2015) ("[T]his court does not review issues not argued, briefed, or supported with citation to authority.") (citing RAP 10.3(a)(6)).[4]

In sum, the trial court correctly vacated Conklin's assault convictions in accordance with the appellate mandate. We affirm.

Feldman, J.

WE CONCUR:

Díaz, J.

Chung, J.

---

[4] Moreover, even if the State had argued we should revisit the opinion in Conklin's prior appeal based on manifest injustice, we would decline to do so. The opinion is expressly premised on the "State's concessions as to instructional, evidentiary, and sentencing errors on all convictions except for unlawful possession of a firearm in the second degree." *Conklin*, No. 84634-5-I, slip op. at 1. The State has not disavowed those concessions or corresponding errors. Also critical here, the State asserted in both its motion for reconsideration in the prior appeal and its subsequent motion for discretionary review in the Supreme Court that the Court of Appeals had erroneously vacated the assault convictions, and neither court granted relief in response to that argument. We decline to give the State yet another bite at that apple.